## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., ET AL. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-153-CE |
| | § | |
| SAP AMERICA, INC. AND SAP AG | § | |

## ORDER

This case was tried to a jury from August 17, 2009 to August 26, 2009. At the close of the evidence, the jury found that defendants SAP America, Inc. and SAP AG (collectively, "SAP") directly infringed claims 26, 28, and 29 of U.S. Patent No. 6,553,350 B2 (the "'350 Patent") and claims 31, 35, and 36 of U.S. Patent No. 5,878,400 (the "'400 Patent"). The jury also found that SAP induced and contributed to the infringement of claim 29 of the '350 Patent. Finally, the jury found that the asserted claims of the '350 and '400 Patents were not invalid for failure to satisfy the best mode requirement. The jury awarded plaintiffs Versata Software, Inc., Versata Development Group, Inc., and Versata Computer Industry Solutions, Inc. (collectively, "Versata") $138,641,000 as damages for SAP's infringement. Now pending before the court are SAP's motions for judgment as a matter of law ("JMOL") on liability issues (Dkt. Nos. 306, 313, and 351). Among other grounds, SAP contends that Versata's claims for direct and indirect infringement failed because the asserted claims require products configured to perform a specific set of operations, Versata admitted that the software as sold by SAP is not configured to perform those operations, and Versata failed to prove that any customer had modified the SAP software to do so. Therefore, SAP argues that the court should grant JMOL or, in the alternative, a new trial. For the reasons discussed below, SAP's

motion for JMOL is GRANTED with respect to the claims of the '400 Patent. The motion is DENIED with respect to the asserted claims of the '350 Patent.

JMOL may be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue." FED. R. CIV. P. 50(a)(1). A motion for JMOL is a procedural issue not unique to patent law; thus, such motions are reviewed under the law of the regional circuit. *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, JMOL may not be granted unless "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995) (internal citation omitted). In ruling on a renewed motion for JMOL, the court may allow judgment on the verdict, if the jury returned a verdict, order a new trial, or direct the entry of judgment as a matter of law. FED. R. CIV. P. 50(b). The court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party; however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

In *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007), the Federal Circuit reversed the jury's finding of direct infringement by end users where the claim required the accused key lock to be operated through a specific method, and there was no evidence that any user of the accused lock (other than plaintiff's expert) had used it in the infringing configuration. *See also Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005) (reversing the district court's summary judgment of infringement because the asserted claim required the accused medical device to be "operatively joined" to bone, but the evidence merely showed that the accused infringer made devices that were "capable of being made

into infringing devices."). In this case, to establish infringement, the asserted claims of the '400 Patent each require proof that SAP made or sold a "computer usable medium" with "computer readable program code *configured to cause* a computer..." to perform the specific claimed operations (emphasis added). As such, the asserted claims of the '400 Patent require that the accused SAP products, as made and sold, contain computer code or program instructions sufficient to perform the operations recited in the claims without additional modification or configuration, or the addition of further program instructions.

To demonstrate direct infringement, Versata relied upon evidence that the products shipped by SAP could be configured by a user to practice the required operations of the claims of the '400 Patent without changing the SAP source code. Specifically, to demonstrate SAP's direct infringement, Versata relied on an SAP product configured by Versata's expert, rather than by SAP or any customer. Such evidence fails to prove direct infringement of the asserted claims of the '400 Patent. *See ACCO Brands*, 501 F.3d at 1313. The court therefore grants judgment as a matter of law that SAP does not directly infringe the asserted claims of the '400 Patent.

On the other hand, Versata presented substantial evidence that the computer software sold by SAP infringes the asserted claims of the '350 Patent. This evidence was sufficient for the jury to find infringement of the asserted claims of the '350 Patent because Versata's expert testified that no modification of SAP's source code was required to establish direct infringement. Claims 26 and 28 of the '350 Patent each require proof that SAP made or sold a "computer readable storage media" with "*computer instructions to implement*" the specific claimed operations (emphasis added). The court construed this language to mean "computer instructions causing a computer to implement." Claim 29 of the '350 Patent requires proof that SAP made, used, or sold "[a]n

apparatus...comprising...computer program instructions *capable of*..." performing the specific claimed operations (emphasis added). Versata's expert explained that there is direct infringement of claim 29 every time the accused software products as made and sold by SAP are installed on a computer — that is, SAP's computer software directly infringes claim 29 without any modification. T.Tr. (8/18/09 PM) at 7:1-4. The jury was entitled to credit Versata's expert's testimony that the software as made and sold by SAP contained the recited "computer program instructions capable of" meeting the claimed operations. Indeed, on cross-examination, even SAP's expert admitted that he believed that SAP's "computer source code, as shipped by SAP, is capable of ...[performing the operations recited in claim 29] without any modification to that source code...." T.Tr. (8/24/09 PM) at 41:20-42:6 (stating that SAP's expert would "agree" with that). Likewise, the jury was entitled to find that the systems, as sold by SAP, contain "computer instructions causing a computer to implement" the required functionality of claims 26 and 28. The court has carefully reviewed SAP's other non-infringement arguments and is persuaded that the record evidence is sufficient to support the jury's finding of infringement of the asserted claims of the '350 Patent. Furthermore, Versata presented substantial evidence of the other elements of indirect infringement, such that the jury was entitled to find indirect infringement. Therefore, the court denies SAP's motion for JMOL as to the asserted claims of the '350 Patent.

In conclusion, the court has carefully considered the parties' arguments and concludes that SAP's motion for JMOL should be GRANTED with regard to the jury's finding of direct infringement of the claims of the '400 Patent. The motion, however, is DENIED as to the jury's finding of direct infringement of the asserted claims of the '350 Patent and indirect infringement of claim 29 of the '350 Patent.

SIGNED this 21st day of December, 2010.

*[signature]*
_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE