IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VERSATA SOFTWARE INC., et al.,<br>　*Plaintiffs*,<br><br>v.<br><br>SAP AMERICA, INC. and SAP AG,<br>　*Defendants*. | §<br>§<br>§<br>§ 　CASE NO. 2:07-CV-153 CE<br>§<br>§<br>§ |

## ORDER

Before the court are Plaintiffs' Versata Software, Inc., Versata Development Group, Inc., and Versata Computer Industry Solutions, Inc. (collectively, "Versata") Motions *in Limine* (Dkt. No. 458) and Defendants' SAP America, Inc. and SAP AG (collectively, "SAP") Motions *in Limine* (Dkt. No. 455). The court has reviewed the parties' Motions *in Limine* and makes the following rulings:

**Plaintiffs' Motion *In Limine* (Dkt. No. 458)**

   **I.   Versata's Agreed Motion**

SAP and Versata have agreed that neither party will reference matters within the scope of the following motions *in limine* without first obtaining a favorable ruling from the court outside the presence and hearing of the jury ultimately selected in this case or the prospective jurors. Accordingly, the court GRANTS these motions *in limine*.

   1. **References regarding the construction or interpretation of the claims and/or contrary to the court's *Markman* Order.**

   2. **References regarding the possible issuance of an injunction, an award of treble damages, or an award of attorney's fees.**

3.  **Testimony or commentary designed to result in a claim of privilege; references to privilege logs, prior claims of privilege, or any pleading or order relating thereto.**

4.  **References regarding the fact that Versata voluntarily withdrew the '798, '854, and '235 patents from this litigation.**

5.  **References regarding other litigation involving Versata and/or its officers, directors, or employees, including Versata's litigation against Sun Microsystems, Inc.**

6.  **References regarding the workload of the PTO or any attempt to disparage the PTO.**

7.  **References regarding continuing patent prosecution, or re-examinations of the patent-in-suit currently being prosecuted before the PTO.**

8.  **References regarding the CONFIDENTIAL, DOCTYPE, PRODDATE, or FILEPATH metadata fields associated with documents produced by Versata.**

9.  **References regarding violations of the protective order by SAP, Versata, or anyone acting on behalf of SAP or Versata.**

10. **References regarding the net worth or compensation of any officer, employee, or former employee of either party, other than the fact that such individual has a financial stake in the party.**

11. **References regarding the contingent fee arrangement between Versata and its trial counsel, McKool Smith, P.C.**

12. **References regarding alleged incidents of petty theft in Versata's offices.**

13. **References regarding alleged sexual harassment or discrimination at Versata.**

14. **Comments or evidence regarding any alleged breach of Versata's duty of candor.**

15. **References regarding Versata's prior retention of Dr. Mercer.**

16. **References to the fact that any license agreement arose as the result of litigation, unless the party offering the license into evidence "opens the door" by indicating that the license is the product of a settlement of litigation.**

## II. Motions *In Limine* Previously Granted

The following motions *in limine* were previously granted by the court in the first trial. (Transcript of July 20, 2009 Pretrial Hearing at 8:24-10:10; July 31, 2009 Order, Dkt. No. 272.) However, unlike the first trial, Versata now seeks lost profits damages. Given this, the court generally agrees with SAP that this evidence is now probative and admissible. That is, the law requires the patentee to account for its costs in order to establish the amount of lost profits. In particular, courts have explained that variable or incremental costs—as opposed to fixed costs—should be factored into the lost profits calculus. *See Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 22 (Fed. Cir. 1984) ("Thus fixed costs—*those costs which do not vary* with increases in production, such as management salaries, property taxes, and insurance—are excluded when determining profits.") (emphasis added). The court is persuaded that the evidence subject to Versata's motions *in limine* in this section constitutes proof of Versata's variable costs during the relevant damages period and is therefore probative of the real-world profit Versata would have earned but for the alleged infringement. Accordingly, the court makes the following rulings relating to Versata's motions *in limine* previously granted by the court in the first trial.

### 17. References Regarding Any Severance Package Paid To Any Former Versata Officer Or Employee [Previously Granted As Versata's Motion *in Limine* No. 4]

This is DENIED. The court agrees with SAP that it is axiomatic that companies like Versata increase the size and number of bonus payments to their employees during periods of profitability. *See Polaroid Corp. v. Eastman Kodak Co.*, 1990 U.S. Dist. LEXIS 17968 (D. Mass. Oct. 12, 1990) ("There is no question that if Polaroid had made additional qualifying profits, it would have paid the amounts due under the profit sharing plans.").

**18. References Regarding Alleged Gambling Or Alcohol Consumption By Versata's Officers, Employees, Or Employee Recruits, Or Any Alleged Expenses Associated Therewith [Previously Granted As Versata's Motion *in Limine* No. 5]**

This is GRANTED-IN-PART and DENIED-IN-PART. SAP may inquire about the incremental cost that Versata may have incurred relating to the recruiting activities used to attract, hire, and retain competent employees. SAP may not make any references to "alcohol consumption" and may only refer to these recruiting activities as "entertainment" paid for by Versata.

**19. References To Alleged Perks Made Available To Versata's Founders, Executives, And Employees (Such As Watercraft, Automobiles, Aircraft, Vacations, Trips, Happy Hours), Or Any Expenses Associated Therewith [Previously Granted As Versata's Motion *in Limine* No. 6]**

This is DENIED.

**20. References To Any Transportation Conveyances (Including Automobiles, Watercraft, Or Aircraft) Owned Or Leased By Versata, Or Any Expenses Associated Therewith [Previously Granted As Versata's Motion *in Limine* No. 7]**

This is DENIED.

**21. References Regarding Trips Or Vacations By Trilogy Founders, Officers, Directors Or Employees, Including Related Expenses [Previously Granted As Versata's Motion *in Limine* No. 8]**

This is GRANTED.

**22. References Regarding Expenses Relating To Marketing Efforts At Industry Conferences Or Events, Including The "Destination Trilogy" Marketing Event Held In Los Angeles, California [Previously Granted As Versata's Motion in Limine No. 9]**

This is DENIED. The marketing sponsored by Versata, including the "marketing event," is an expense that may be incurred as a means to generate the sales Versata claims it would have made but for the asserted infringement. Thus, these expenses may be considered variable costs.

**23. References Regarding Car Giveaways By Either SAP Or Versata At Any Industry Event Or Conference [Previously Granted As Versata's Motion in Limine No. 10]**

This is DENIED. The promotions sponsored by Versata, including the promotional "giveaways," are expenses that may be incurred as a means to generate the sales Versata claims it would have made but for the asserted infringement. Thus, these expenses may be considered variable costs.

**24. References Regarding Versata's Employee Recruiting Practices And Expenses, Including Any Reference To The Recruitment Of Byron Krug [Previously Granted As Versata's Motion *in Limine* No. 14]**

This is DENIED. SAP may inquire about the incremental cost that Versata may have incurred relating to the recruiting activities used to attract, hire, and retain competent employees.

**25. References Regarding The Character Of The Parties, Including Character Evidence Contained In The E-Mail Of Versata's Former Employee, Howard Thompson (VER-E00017762154-155) [Previously Granted As Versata's Motion *in Limine* No. 17]**

This is GRANTED-IN-PART and DENIED-IN-PART. The motion is granted as to everything except for Mr. Thompson's statement that Trilogy is nothing more than a "consulting organization." The parties are ordered to meet and confer, and submit a redacted version of the e-mail in question.

**26. References Regarding Communications Between Joe Liemandt And Christy Jones Regarding The Amount Of Money That Mr. Liemandt Anticipated Versata Obtaining From SAP From This Litigation [Previously Granted As Versata's Motion *in Limine* No. 20]**

This is GRANTED. The parties agree to this motion *in limine*.

### III. Versata's Supplemental Motion *In Limine*

**27. References Regarding Versata's Damages Request At The August 2009 Trial Or The Jury's Damages Award At The Conclusion of the August 2009 Trial.**

This is GRANTED. The parties agree to this motion *in limine*.

28. **References Regarding Versata's Decision Not to Seek Lost Profit Damages At The 2009 Trial.**

   This is GRANTED.   The parties agree to this motion *in limine*.

29. **References Regarding The Court's Rulings On Any Post-Trial JMOL Motion Or To The Parties' JMOL-Related Pleadings.**

   This is GRANTED.

30. **References Regarding Versata's Claims Against SAP For Infringement Of The '400 Patent.**

   This is GRANTED.

31. **Any Suggestion That Versata's Experts Must Determine Or Account For The Value Of The '400 Patent When Valuing The '350 Patent Or Calculating Damages For SAP's Infringement Of The '350 Patent.**

   This is GRANTED in accordance with the court's Order GRANTING Versata's Motion to Exclude Inadmissible Opinions of SAP's Experts Dr. M. Ray Mercer and Michael J. Wagner (Dkt. No. 461).

32. **Any Suggestion That Versata's Right To Seek Pre-Suit Damages Is Limited By Any Alleged Failure To Comply With The Marking Statute Prior To April 22, 2003 (The Date The '350 Patent Issued) Or After April 20, 2007 (The Date Versata Filed Suit Against SAP).**

   This is GRANTED.   The parties agree to this motion *in limine*.

33. **Any Suggestion That Versata Was Obligated To Retroactively Mark Versions Of The Embodying Products Delivered To Customers Prior To April 22, 2003 (The Date The '350 Patent Issued).**

   This is GRANTED.   The parties agree to this motion *in limine*.

34. **References Regarding Any Investment By ESW Capital, LLC, Joseph Liemandt, Trilogy And/Or Versata In Corel Corporation.**

   This is GRANTED.   The parties agree to this motion *in limine*.

35. **Any Suggestion That Acceptable, Non-Infringing Alternatives Exist To The '350 Patent Other Than SAP's Own Prior Art Products And SAP's Alleged "Design Out."**

This is DENIED in accordance with the court's Order DENYING Versata's Motion to Strike Portions of the Rebuttal Expert Report of Michael J. Wagner Regarding Damages and Testimony Related Thereto (Dkt. No. 463).

36. **Any Suggestion That Either Party Is Obligated To Collect And Produce Evidence Not In Its Possession, Custody, Or Control In Order To Satisfy Its Burden Of Proof On Any Issue In This Litigation.**

This is GRANTED. The parties agree to this motion *in limine*.

37. **References To SAP Customer Affidavits Obtained By SAP, Including But Not Limited To The Declarations Of Bas Kamphius And Robert Ford, And Attempts to Prove What Features SAP Customers Do Or Do Not Use By Having SAP's Experts Relay Hearsay From SAP Account Executives (Never Disclosed As Persons With Knowledge) Transmitting Further Hearsay Regarding What Features SAP Customers Do Or Do Not Use.**

This is GRANTED in accordance with the court's Order GRANTING Versata's Motion to Strike Portions of the Expert Reports of Stephen L. Becker, Ph.D. and Michael J. Wagner (Dkt. No. 462).

38. **References To Valuations Of Trilogy And/Or Versata Prepared By Willamette Or By Noonmark. SAP recently deposed Chris Smith, Versata's Rule 30(b)(6) witness, on a series of valuation analyses of Trilogy prepared by Willamette Management Associates between 1999 and 2010 and a single valuation of Trilogy prepared by Noonmark Investment Banking in 2007.**

This is DENIED. Although the market valuations of the Plaintiffs' business may not conclusively prove damages in this case, the court finds that these valuations are relevant to both lost profits and reasonable royalty calculations because they potentially provide insight into a number of factors necessary to both analyses. For example, Versata's lost profits claim renders these market valuations relevant because lost profits requires that the patentee prove with

reasonable probability that "but for" the infringement, the plaintiff would have made the sales. *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). In addition, independent, third-party valuations can be relevant to a reasonable royalty analysis. For example, these valuations might be considered under *Georgia-Pacific* Factor 8: "[t]he established profitability of the product made under the patent; its commercial success; and its current popularity;" *Georgia-Pacific* Factor 10: "[t]he nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention;" and *Georgia-Pacific's* catch-all Factor 15. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**Defendants' Motion *in Limine* (Dkt. No. 455)**

### I.  SAP's Agreed Motion

SAP and Versata have agreed that neither party will reference matters within the scope of the following motions *in limine* without first obtaining a favorable ruling from the court outside the presence and hearing of the jury ultimately selected in this case or the prospective jurors. Accordingly, the Court GRANTS these motions *in limine*.

> **5.  The Parties should be precluded from offering testimony, evidence, or argument regarding litigation-induced licenses, specifically the Selectica settlement agreement.**
>
> **11.  The Parties should be precluded from offering testimony, evidence, or argument regarding sales to governmental entities pursuant to 28 U.S.C. § 1498.**
>
> **15.  The Parties should be precluded from offering testimony, evidence, or argument regarding other legal proceedings involving SAP.**
>
> **16.  The Parties should be precluded from offering testimony, evidence, or argument regarding prior work performed by Versata's experts for Fish & Richardson or Ropes & Gray.**
>
> **17.  The Parties should be precluded from asking any questions during voir dire seeking to commit juror(s) to any particular range or amount for damages.**

**18.    The Parties should be precluded from offering testimony, evidence, or argument regarding (1) any jury study or focus study groups that have been conducted by any party, (2) the use by any party of a shadow jury during trial, or (3) the use by any party of jury consultants.**

**19.    The Parties should be precluded from offering testimony, evidence, or argument regarding SAP's foreign status, size, or any SAP employee's negative opinions regarding the United States patent system.**

**20.    The Parties should be precluded from offering testimony, evidence, or argument regarding family illnesses or deaths.**

**21.    The Parties should be precluded from offering testimony, evidence, or argument regarding the amount of legal fees and expenses that the parties have incurred in this litigation.**

**22.    The Parties should be precluded from offering testimony, evidence, or argument regarding equitable remedies, including the possible issuance of an injunction, on-going royalties, or a possible award of attorneys' fees.**

**IV.    SAP's Motion *In Limine***

**1.    Versata should be precluded from offering testimony, evidence, or argument regarding SAP's total or accused revenue or total or accused profit.**

This is CARRIED pending the court's ruling on SAP's Motion to exclude the Expert Testimony of Neeraj Gupta, Christopher Bakewell, and Roy Weinstein (Dkt. No. 459).

**2.    Versata should be precluded from offering testimony, evidence, or argument regarding lost profits.**

This is DENIED in accordance with the court's Order DENYING-IN-PART SAP's Motion to exclude the Expert Testimony of Neeraj Gupta, Christopher Bakewell, and Roy Weinstein (Dkt. No. 459).

**3.    Versata should be precluded from offering testimony, evidence, or argument that SAP willfully or intentionally infringed the '350 Patent.**

This is GRANTED-IN-PART.  Because Versata withdrew its willfulness allegations pre-trial, Versata is precluded from offering any argument or commentary regarding

9

characterizations of SAP alleged infringement as willful. For example, Versata is precluded from characterizing SAP's alleged infringement as knowing, intentional, deliberate, willful infringer, or that it had knowledge of the patents-in-suit.

Versata is not precluded from offering evidence that SAP copied its products. Versata correctly argues that evidence of copying is material to the intent element of Versata's claim that SAP's re-designed accused products indirectly infringe claim 29 of the '350 patent. *See SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1377 (Fed. Cir. 2010) (noting that evidence of copying of patented product supported a finding of inducement of infringement). In addition, to prove its infringement case as to SAP's re-designed products, Versata will be permitted to show the jury that SAP's purported design-around does, in fact, copy every element of the asserted claims.

**4. Versata should be precluded from offering unreliable expert testimony not sufficiently tied to the factual or economic realities of this case or the hypothetical negotiation.**

This is CARRIED pending the court's ruling on SAP's Motion to exclude the Expert Testimony of Neeraj Gupta, Christopher Bakewell, and Roy Weinstein (Dkt. No. 459).

**6. Versata should be precluded from offering testimony, evidence, or argument regarding SAP "freezing the market" with the introduction of Hierarchical Access.**

This was withdrawn by SAP.

**7. Versata should be precluded from offering argument, evidence, or testimony that Versata's "survey" questions are relevant to proving that any customer has ever calculated a price using data derived from running hierarchical access on both a hierarchy of product groups and a hierarchy of organizational groups.**

This is DENIED.

**8. Versata should be precluded from offering testimony, evidence, or argument that accused products incorporating SAP's design out continue to infringe because they allow for the use of legacy access sequences because the damages award will bestow a**

**license on systems running those legacy sequences.**

This is DENIED. An infringer's liability for damages for past infringement does not automatically provide to the infringer a license in perpetuity. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314-15 (Fed. Cir. 2007) (providing for assessment of "a reasonable royalty in light of the ongoing infringement," in addition to the reasonable royalty damages awarded by the jury for past infringement).

**9. Versata should be precluded from offering testimony, evidence, or argument regarding new infringement theories not properly disclosed or raised during the first trial.**

This is DENIED. Versata is entitled to present evidence and argument to rebut SAP's new non-infringement arguments with respect to its purported May 2010 "design out."

**10. Versata should be precluded from offering testimony, evidence, or argument regarding the number of alleged direct infringements by SAP customers.**

This was withdrawn by SAP.

**12. Versata should be precluded from offering testimony, evidence, or argument regarding allegations of infringement for third-party products not accused of infringement.**

This is DENIED. SAP argues that Mr. Gupta opines that SAP's non-infringing alternative may still infringe because customers may be able to use third-party tools to infringe. SAP contends that there is no evidence that any customer has ever used third-party tools to avoid SAP's design out. SAP further argues that even if they did, this would not reflect a capability of SAP's accused products.

Versata responds that its expert Mr. Gupta does not opine that any third-party tools infringe the '350 patent, but, rather, that third-party tools can be used to make use of capabilities claimed in the '350 patent with new access sequences. Because Mr. Gupta's opinion appears to be a rebuttal

to SAP's claim that its purported design-around precludes its customers from using the capabilities claimed in the '350 patent in new or modified access sequences, Versata is not precluded from offering it at trial.

> **13. Versata should be precluded from offering testimony, evidence, or argument regarding alleged discovery deficiencies or discovery disputes, including any argument that SAP intended to mislead Versata in discovery regarding European numerical punctuation.**

This is GRANTED. The parties agree to this motion *in limine*.

> **14. Versata should be precluded from offering testimony, evidence, or argument regarding any endorsement of one expert's testimony by another expert.**

This is GRANTED. The parties agree to this motion *in limine*.

> **23. Versata should be precluded from offering testimony, evidence, or argument regarding reasonable royalty damages in the presence of the jury.**

This is DENIED. SAP argues that the award of any reasonable royalty is equitable in nature and should be determined by the court, not the jury. SAP also respectfully requests that the court strike Versata's jury trial demand with regard to any reasonable royalty determination pursuant to Federal Rule of Civil Procedure 39(a)(2). The court notes that SAP fails to cite a single case that addresses its argument, much less a case that holds that its argument is persuasive.

Moreover, the court finds that a motion *in limine* filed on the eve of trial is not an appropriate vehicle to request this drastic relief. In addition, Versata has a right to a jury trial on reasonable royalty damages. Section 284 specifically provides for reasonable royalty damages and further states that "[w]hen the damages are not found by a jury, the court shall assess them." Because Congress may create a statutory right to a trial by jury even when a trial by jury would not be constitutionally required, Versata is entitled to a jury trial on its reasonable royalty claim.

IT IS SO ORDERED.

SIGNED this 5th day of May, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE