```
 1              IN THE UNITED STATES DISTRICT COURT

 2             FOR THE EASTERN DISTRICT OF TEXAS

 3                      MARSHALL DIVISION

 4   VERSATA SOFTWARE, INC.,  )(

 5   ET AL.                   )(   CIVIL DOCKET NO.

 6                            )(   2:07-CV-153-CE

 7   VS.                      )(   MARSHALL, TEXAS

 8                            )(

 9   SAP AMERICA, INC.,       )(   APRIL 25, 2011

10   ET AL.                   )(   1:30 P.M.

11                      PRETRIAL HEARING

12        BEFORE THE HONORABLE JUDGE CHAD EVERINGHAM

13               UNITED STATES MAGISTRATE JUDGE

14

15   APPEARANCES:

16

17   FOR THE PLAINTIFF:   (See attached sign-in sheet.)

18

19   FOR THE DEFENDANTS:  (See attached sign-in sheet.)

20

21   COURT REPORTER:      MS. SHELLY HOLMES, CSR
                          Deputy Official Court Reporter
22                        2593 Myrtle Road
                          Diana, Texas  75640
23                        (903) 663-5082

24

25   (Proceedings recorded by mechanical stenography,
```

transcript produced on a CAT system.)

2

```
1                           I N D E X

2

3   April 25, 2011

4                                           Page

5       Appearances                         1

6       Hearing                             3

7       Court Reporter's Certificate        13

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                LAW CLERK:  All rise.

2                THE COURT:  Please be seated.

3                We have a pretrial conference in Versata

4      against SAP.  It's Case 2:07-CV-153.

5                What says the plaintiff?

6                MR. COLE:  The plaintiff is ready, Your

7      Honor.

8                THE COURT:  For the defendant?

9                MR. MELSHEIMER:  May it please the Court,

10     we're ready, Your Honor.

11               THE COURT:  All right.  We've got jury

12     selection set for the 29th.  You are going to have

13     30 minutes a side for voir dire.  You can take up to

14     five minutes of that for the purpose of making an

15     opening statement-style presentation on what you think

16     the evidence is going to show and to introduce the folks

17     at your table and your client representatives.

18               Avoid argument during that time and stick

19     to -- use the -- or use the rest of your time for

20     gathering information.

21               We'll do opening statements on the 9th.

22     We'll start at 8:30.  You're going to get 30 minutes a

23     side for opening statements.

24               We're going to take up motions in limine

25     today.  An order in limine is not a definitive ruling on

1   the admissibility of the evidence.  It's an order that

2   you approach the bench before you launch into something

3   that's covered by an order in limine.

4            Y'all have both heard the speil on

5   testifying experts.

6            My inclination is, to the extent I can, I'm

7   going to rule on your motions to exclude on the papers

8   that are submitted.  If I need to hear arguments on

9   anything, I'll hear them at 3:00 o'clock on the 6th, the

10  afternoon before we start.

11           With that, the first motion in limine I've

12  got that is contested is the plaintiff's 17; is that

13  correct?

14           MR. BAXTER:  Your Honor, excuse me.  I don't

15  mean to interrupt, but --

16           THE COURT:  Yes?

17           MR. BAXTER:  -- before we get too far down

18  that road, do you know when we might get the jury list

19  and the questionnaires?

20           THE COURT:  I think it will be ready

21  Tuesday, Tuesday afternoon.

22           MR. BAXTER:  Thank you, Your Honor.

23           THE COURT:  17 is the first one that is

24  contested, as I understand it; is that right?

25           MR. KNEUPPER:  Yes, Your Honor.

1                    THE COURT:  All right.  That's denied.

2                    No. 18 is granted in part and denied in

3        part.  It's granted, as I understand it, SAP is going to

4        avoid referencing alcohol consumption; is that

5        correct --

6                    MR. MELSHEIMER:  Yes, Your Honor.

7                    THE COURT:  -- on No. 18?  All right.

8                    MR. MELSHEIMER:  Yes, sir.

9                    THE COURT:  It's granted to that extent.

10       It's denied otherwise.

11                   19 is denied.

12                   20 is denied.

13                   21 is granted.

14                   22 is denied.

15                   23 is denied.

16                   24 is denied.

17                   25, I'm inclined to allow in evidence that's

18       related to the consulting organization, not -- and

19       otherwise grant the motion in limine with respect to 25.

20                   26, I believe, is granted by agreement.

21                   27, supplemental motions in limine are

22       granted.

23                   28 is granted.

24                   29 is granted.

25                   30 is granted.

```
 1                    31 will be carried.  I'll take -- take that
 2      up with respect to the exclusion motion related to
 3      Mercer and Wagner.
 4                    32 is granted.
 5                    33 is granted.
 6                    34 is granted.
 7                    35 will be carried.  I will address that
 8      when I take up the motion to strike the rebuttal expert
 9      report.
10                    36 is granted.
11                    37 is carried, and I'll take that up when I
12      take up the motion to strike the reports of Becker and
13      Wagner.
14                    38 is denied.
15                    That concludes Versata's motions.
16                    MR. MELSHEIMER:  Your Honor, can I just ask
17      a question or is --
18                    THE COURT:  Yes.
19                    MR. MELSHEIMER:  -- is it better to wait?
20                    THE COURT:  If you have to  -- if it's
21      related to the motions in limine, you can ask it.
22                    MR. MELSHEIMER:  May it please the Court.
23                    Your Honor, I didn't understand the Court's
24      ruling with respect to No. 25 on the -- the Howard
25      Thompson e-mail.  The Court said it was granted in part
```

1   and denied in part, and I just didn't understand the

2   Court's --

3                THE COURT:  Well, I'm going to take a look

4   at the e-mail.  There's a portion of it that relates to

5   Versata as being nothing -- or Trilogy, rather, as being

6   nothing more than a consulting organization; is that

7   correct?

8                MR. MELSHEIMER:  I have the e-mail here,

9   yes, Your Honor.

10                THE COURT:  Okay.  And I was inclined to

11   allow that evidence in and otherwise order that you

12   redact the balance of it that was requested.  I think

13   that was the alternative that you had proposed; is that

14   correct?

15                MR. MELSHEIMER:  Yes, Your Honor, I guess

16   what we'll do is there -- there may be some dispute

17   about the -- what is being redacted, but I'll consult

18   with the other side.

19                THE COURT:  Well, try to work it out.

20                MR. MELSHEIMER:  Yes, sir.

21                THE COURT:  If you can't -- can't work it

22   out, I'll rule on it --

23                MR. MELSHEIMER:  Thank you.

24                THE COURT:  -- okay?

25                All right.  With respect to SAP's motions,

1   it's my understanding that 5, 11, 15, 16, 17, 18, 19,

2   20, 21, and 22 are agreed.

3              Is that correct, Mr. Cole?

4              MR. COLE:  I believe that's right.  We may

5   have a couple of additional agreements.

6              THE COURT:  All right.  Those are granted.

7              No. 1 will be carried, and I'll give you a

8   written ruling on the motion to -- SAP's Motion to

9   Exclude.

10             No. 2 is also carried.

11             3 is granted in part and denied in part.

12  It's denied with respect to any evidence focused on

13  copying.

14             No. 4 is also carried.  I'll take that up

15  with the motion to exclude.

16             6 was withdrawn.

17             7 is denied.

18             8 is denied.

19             9 is denied.  It's my understanding with

20  respect to 9 that you're limiting those theories,

21  Mr. Cole, to arguments related to the design-around; is

22  that correct?

23             MR. POLLINGER:  That's correct, Your Honor.

24             THE COURT:  All right.  That's how it needs

25  to be characterized, then, all right?

1               MR. POLLINGER:  Okay.  Thank you, Your

2    Honor.

3               THE COURT:  No. 10 is denied -- excuse me,

4    was withdrawn.

5                    12 is denied.

6                    13 and 14 were agreed.

7                    23 is denied.

8                    Any question about the rulings on the

9    motions in limine from the plaintiff?

10              MR. COLE:  No, Your Honor.

11              THE COURT:  Any additional from the

12   defendant?

13              MR. MELSHEIMER:  No, Your Honor.

14              THE COURT:  All right.  Other than motions

15   to exclude, what else do we need to do as far as

16   pretrial is concerned today?

17              MR. COLE:  The parties have exhibit

18   objections, but they believe they can narrow those to

19   almost nothing, if not nothing.

20              THE COURT:  Well, give me an update when we

21   pick the jury, and if there's a need to work even beyond

22   5:00 o'clock on the 6th, then I'll -- we'll take them up

23   then before we roll out on Monday.

24              MR. COLE:  Thank you, Your Honor.

25              THE COURT:  Yes, sir?

1            MR. BAXTER:  Your Honor, is the Court going

2    to give an instruction to the jury prior to voir dire,

3    given sort of the unusual nature of the situation we're

4    in now, about what the case is about, that it's no

5    longer sort of -- I mean, it may be an infringement case

6    at least in part, but certainly it's no longer a

7    validity case, that there's been infringement over --

8    over the main claims or --

9            THE COURT:  Well, I was inclined to instruct

10   them what they were going to decide as opposed to what

11   they didn't have to decide.  They're going to decide

12   damages and to -- maybe to a limited extent questions of

13   infringement, but beyond that, they're not going to be

14   called upon to decide any other issues related to the

15   patent.

16            MR. MELSHEIMER:  Might --

17            MR. BAXTER:  Excuse me, Mr. Melsheimer.

18            MR. MELSHEIMER:  Sorry.

19            MR. BAXTER:  The question is whether or not

20   we'll be allowed to tell the jury there has been at

21   least in the past a finding of infringement with regard

22   to this defendant and these -- these patents?

23            THE COURT:  Well, I mean, it's previously

24   been determined that the --

25            MR. BAXTER:  Yes.

```
 1                    THE COURT:  -- that at least some of the
 2  products have been found to infringe the patent.
 3                    MR. BAXTER:  Yes, sir.
 4                    THE COURT:  You can tell them that.
 5                    MR. BAXTER:  Okay.  And that the patent is
 6  valid?
 7                    THE COURT:  Yes.
 8                    MR. BAXTER:  Thank you, Your Honor.
 9                    MR. MELSHEIMER:  Your Honor, might we -- I
10  don't want to burden the Court with more paper.  Might
11  we submit a proposed preliminary instruction along those
12  lines?
13                    THE COURT:  That will be fine.
14                    MR. MELSHEIMER:  All right.  Thank you, Your
15  Honor.
16                    THE COURT:  You can submit -- submit it by
17  Thursday of this week.
18                    MR. MELSHEIMER:  Thank you, Your Honor.
19                    THE COURT:  Close of business Thursday.
20                    MR. MELSHEIMER:  Thank you, Your Honor.
21                    THE COURT:  All right.  Right now, y'all are
22  going to be the first jury selected.  So we will start
23  at 9:00 o'clock.
24                    We're going to pick down here.  I'm going to
25  seat an eight-person jury.  You'll get four strikes a
```

1    side, but be forewarned that it's going to be difficult

2    to select the jury in here.  You're -- you're going to

3    be facing some over here, some back there, and some over

4    there, so keep the folks that are involved in jury

5    selection to a minimum --

6                    MR. MELSHEIMER:  Okay.

7                    THE COURT:  -- because there won't be a

8    whole lot of extra seating in the courtroom.

9                    MR. MELSHEIMER:  Thank you, Your Honor.

10                   THE COURT:  Anything else other than motion

11   to exclude that we can deal with from the defendant's

12   side?

13                   MR. MELSHEIMER:  Your Honor, I had this

14   whole presentation of the Daubert motions, but I'm

15   just -- I'm just -- you're just not interested in

16   hearing it today.  So I guess we're just --

17                   THE COURT:  Well --

18                   MR. MELSHEIMER:  Your Honor, we have nothing

19   else, I don't think.

20                   THE COURT:  All right.  We'll see y'all on

21   Friday.

22                   MR. POLLINGER:  Thank you, Your Honor.

23                   MR. COLE:  Thank you, Your Honor.

24                   LAW CLERK:  All rise.

25                   (Hearing concluded.)

```
 1                     CERTIFICATION

 2

 3            I HEREBY CERTIFY that the foregoing is a

 4  true and correct transcript from the stenographic notes

 5  of the proceedings in the above-entitled matter to the

 6  best of my ability.

 7

 8

 9
    SHELLY HOLMES                        Date
10  Deputy Official Reporter
    State of Texas No.: 7804
11  Expiration Date: 12/31/12

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```