```
1              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TEXAS
2                      MARSHALL DIVISION

3   VERSATA SOFTWARE, INC.,  ) Civil Docket No.
    ET AL                    ) 2:07-CV-00153-CE
4                            ) May 12, 2011
    VS.                      ) May 13, 2011
5                            )
    SAP AMERICA, INC., ET AL )
6

7                   TRANSCRIPT OF JURY TRIAL
              BEFORE THE HONORABLE CHAD EVERINGHAM
8                UNITED STATES MAGISTRATE JUDGE

9   APPEARANCES:
    FOR THE PLAINTIFF:   MR. SAM BAXTER
10                       McKool Smith, P.C.
                         104 E. Houston Street
11                       Suite 300
                         Marshall, Texas  75670
12
                         MR. SCOTT L. COLE
13                       MR. STEVEN J. POLLINGER
                         MS. LAURIE L. FITZGERALD
14                       MR. KEVIN M. KNEUPPER
                         MS. LEAH B. BURATTI
15                       McKool Smith, P.C.
                         300 W. 6th Street, Suite 1700
16                       Austin, Texas 78701

17                       MS. ADA BROWN
                         MR. STEVEN CALLAHAN
18                       McKool Smith, P.C.
                         300 Crescent Court, Suite 1500
19                       Dallas, Texas 75201

20  APPEARANCES CONTINUED ON NEXT PAGE:

21  COURT REPORTERS:     SHELLY HOLMES, CSR
                         GLENDA FULLER, CSR
22                       Deputy Official Court Reporters
                         100 East Houston, Suite 125
23                       Marshall, TX 75670
                         903/935-3868
24
    (Proceedings recorded by mechanical stenography,
25  transcript produced on CAT system.)
```

```
 1   APPEARANCES CONTINUED:

 2   FOR THE DEFENDANT:   MR. THOMAS M. MELSHEIMER
                          MR. MICHAEL A. BITTNER
 3                        Fish & Richardson, P.C.
                          1717 Main Street, Suite 5000
 4                        Dallas, Texas 75201

 5                        MR. JOHN W. THORNBURGH
                          MR. JUSTIN M. BARNES
 6                        Fish & Richardson, P.C.
                          12390 El Camino Real
 7                        San Diego, California 92130

 8                        MR. JAMES R. BATCHELDER
                          Robes & Gray, LLP
 9                        1900 University Avenue
                          6th Floor
10                        East Palo Alto, California 94303

11                        MR. CHRISTOPHER BUNT
                          Parker Bunt & Ainsworth
12                        100 E. Ferguson, Suite 1114
                          Tyler, Texas 75702
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                  P R O C E E D I N G S
 2            (Jury out.)
 3            LAW CLERK:  All rise.
 4            THE COURT:  Please be seated.
 5            Jury Note No. 1 reads:  We would like to
 6   have a copy of the charge the Judge read to us at the
 7   end of the trial.  Signed -- I believe it's Larry Luman.
 8            My proposed response is:  The Court's
 9   instructions are given orally and a written copy is not
10   sent back to the jury room.
11            Any objections from the Plaintiff?
12            MR. COLE:  No, Your Honor.
13            THE COURT:  From the Defendant?
14            MR. MELSHEIMER:  Your Honor, I have an
15   objection and a suggestion that the Court consider
16   modifying that to say that if there was -- to inquire if
17   there was a specific part of the charge that the jury is
18   having difficulty recalling in some way, that the Court
19   would bring the jury back in and reread it to them.
20            THE COURT:  Okay.  I'll -- I'm going to send
21   back the response I've prepared.  I don't -- I don't
22   have any reason yet to think that there is a particular
23   portion that they're having difficulty with, but if
24   there is, I'm sure they'll ask me.  And if that happens,
25   then I'll be inclined to reinstruct them if it's
```

1   something I think is necessary.

2                   MR. MELSHEIMER:  Thank you, Your Honor.

3                   THE COURT:  All right.  Here you go.  File

4   the jury note.

5                   Stay put.

6                   This one says:  Need e-mail, Jan. '97 e-mail

7   within SAP, Merkel Neumann.  That's what it says.  Also

8   signed Larry Luman.

9                   Y'all meet and confer and determine what

10  exhibit that is, and once you've identified it, send it

11  back.  You don't -- I don't need to be here.  You can

12  just send it back to the jury room.

13                  MS. FITZGERALD:  Just to be clear, did you

14  say Merkel Neumann?

15                  THE COURT:  That's what it says.

16                  MS. FITZGERALD:  Okay.

17                  THE COURT:  Yes.

18                  MS. FITZGERALD:  I couldn't hear you, sorry.

19                  THE COURT:  No, you can examine the note.

20  Either side can.

21                  Court's in recess.

22                  (Recess.)

23                  (Jury in.)

24                  LAW CLERK:  All rise.

25                  THE COURT:  Please be seated.

1          All right.  I've received a note that

2   indicates that you-all would like to go home for the

3   evening then return at 8:30 in the morning, and I'm

4   going to certainly allow you to do that.  You're in

5   charge of your own schedules at this point, but the only

6   thing I did want to caution you about is you should not

7   discuss the case with anyone including your fellow

8   jurors until you're all back together in the morning at

9   8:30.

10          So avoid discussing it among those of you

11   who get there ahead of the others.  You know, but once

12   you're all back together in the morning, then you should

13   resume your deliberations in accordance with all the

14   Court's prior instructions.

15          Y'all are excused.  Again, thank you for

16   your patience, and please travel safely.

17          COURT SECURITY OFFICER:  All rise.

18          (Jury out.)

19          THE COURT:  All right.  Ms. Lockhart, if

20   you'll file the jury note.

21          If you want to examine it, you can read it

22   and see what they asked for.

23          MR. COLE:  Okay.

24          THE COURT:  Court's in recess until 8:30 in

25   the morning.

```
 1              (Recess.)

 2              ************************

 3   May 13, 2011

 4              (Jury out.)

 5              LAW CLERK:  All rise.

 6              THE COURT:  Please be seated.

 7              All right.  Can I see the jury note?

 8              All right.  We've got a request to send back

 9   several exhibits.  I understand there is a dispute

10   concerning DX 518, PX 1950, DX 957.

11              What are those disputes?

12              MR. MELSHEIMER:  Your Honor, I believe that

13   the only live objection is to 1950, PX 1950.

14              THE COURT:  Okay.

15              MR. MELSHEIMER:  And I apologize for not

16   alerting the Court's briefing attorney as to that.

17              So, Your Honor, 1950 is a document that is a

18   2010 executive board summary.  It was -- a page of this

19   document was shown to the jury, and it was -- it was

20   admitted into evidence.  I will note, though, that the

21   parties had disputed quite vigorously -- may I approach,

22   Your Honor?

23              THE COURT:  Yes.

24              MR. MELSHEIMER:  There were two pages of

25   this exhibit, Your Honor, these two pages right here,
```

1    that contain revenue -- total revenue information.  The

2    Court knows there was a big dispute about that.  The

3    Court granted our motion in limine about total revenue.

4    The Court struck the entire market value rule from the

5    case.  It was a ministerial error that these two pages

6    were not redacted or removed before the, quote, exhibit

7    was, quote, admitted.  That -- these pages were not ever

8    shown to the jury.  Had they been, it would have alerted

9    us to this issue.  This issue is not an issue in the

10   trial.  They know that.  And I think to -- to allow this

11   to go back in its current form would just -- one, would

12   be a violation of the Court's previous ruling, but, two,

13   it's just a -- it's an oversight that was not followed

14   up on when the exhibit was actually, quote, prepared

15   because those two pages were always a focus of our

16   objections.

17            THE COURT:  All right.  What's the response?

18            MR. COLE:  Well, I guess, Your Honor, the

19   response is the exhibit is admitted into evidence

20   without objection.

21            THE COURT:  All right.  Well, in view of

22   the -- in view of the number of exhibits, I'm going

23   to -- in view of the number of exhibits, I'm going to

24   let them excise these two pages that weren't used in

25   front of the jury, and the Court previously ruled that

1   that type information was out, so I'm going to allow

2   it -- or I'm going to direct that those two pages be

3   withdrawn from the record.

4          And if you want to make a record, I think it

5   will be Court's 4 now, that I didn't send those back,

6   that will be fine.

7          MR. COLE:  Okay.  Just to -- let me figure

8   out what pages they are.  Just for the record, the Court

9   is removing from PX 1950 -- Mr. Melsheimer make sure

10   this is right -- page with Bate stamp ending 9620 and

11   9621.

12          MR. MELSHEIMER:  Yes.  Yes, let me just make

13   sure -- I think I got that right.  I want to make sure.

14          THE COURT:  Okay.

15          MR. MELSHEIMER:  Yes.

16          MR. COLE:  And I guess, for the record, our

17   objection is the full exhibit was admitted without

18   objection, the Defendants placed a reasonable royalty

19   into evidence through their case-in-chief, and that

20   therefore the Defendants' revenues in some sense are

21   relevant and then Plaintiffs did not emphasize that to

22   the jury in an attempt to prejudice the jury but that

23   excising the information could be prejudicial and the

24   jury may notice that there are pages missing and wonder

25   why that is.  So that's our objection.

1        THE COURT:  Okay.  I'm going to stick with

2   my prior ruling.  And DX 957 is in the proper form to go

3   back; is that correct?

4        MR. COLE:  Yes, Your Honor.

5        THE COURT:  All right.  Send them back.  Is

6   it my understanding that DX 518 was not ever admitted

7   into --

8        MR. MELSHEIMER:  It was never admitted in

9   this trial, and I think they were asking -- I guess the

10  question would be should we tell them that there is no

11  518?

12       THE COURT:  I'm going to tell -- I'm going

13  to send a note back that says I've returned the exhibits

14  you've requested with the exception of DX 518, which was

15  not admitted into evidence, therefore, I can't send it

16  in the jury room.

17       Any objection to that response?

18       MR. COLE:  No, Your Honor.

19       MR. MELSHEIMER:  I'm not trying to tweak it,

20  Your Honor, but there is no Exhibit 518, I guess is

21  really -- I don't want to imply that they -- something

22  wasn't -- wasn't admitted.

23       THE COURT:  There was no DX 518 --

24       MR. MELSHEIMER:  Yes, sir.

25       THE COURT:  -- admitted in evidence?

```
 1              MR. MELSHEIMER:  Yes, sir.

 2              THE COURT:  Okay.  I'll change it to that.

 3              All right.  Ms. Lockhart, if you'll prepare

 4    that note.  Go ahead and get it ready, and we'll send it

 5    back along with the exhibits.

 6              COURTROOM DEPUTY:  Yes, sir.

 7              THE COURT:  Mr. Cole, Mr. Melsheimer,

 8    Ms. Skinner, I need to see y'all in chambers right back

 9    here.

10              (Recess.)

11              (Jury out.)

12              COURT SECURITY OFFICER:  All rise.

13              THE COURT:  All right.  Be seated.

14              Jury Note No. 5 reads:  Could we get a

15    calculator?  Signed by the foreperson.

16               My response is:  Pursuant to Note No. 5,

17    here is a calculator.

18              Any objections from the Plaintiff?

19              MR. BAXTER:  No, Your Honor.

20              THE COURT:  From the Defendant?

21              MR. MELSHEIMER:  No, Your Honor.  Do they

22    want my scientific calculator from my iPhone?  Guess

23    not.

24              THE COURT:  They didn't ask for that

25    specifically.
```

1          MR. MELSHEIMER:  Thank you, Your Honor.  I

2    appreciate that.

3          MR. BAXTER:  In case they want a square --

4          THE COURT:  All right.  You can send that

5    note back -- a response back.

6          All right.  We'll be in recess pending

7    further communication.

8          (Recess.)

9          (Jury out.)

10         THE COURT:  All right.  Mr. Cole, we're on

11   the record in Versata against SAP outside the presence

12   of the jury.

13         Proceed, Mr. Cole.

14         MR. COLE:  We're on the record to make an

15   objection.  The jury's last note asked for a calculator.

16   The suggested response was, yes, you can have a

17   calculator.  At the time, neither party realized that

18   the calculator that was actually sent back only has

19   eight digits when Plaintiffs have sought damages in the

20   nine-digit range, and we sought to have the jury

21   provided with an additional calculator that has at least

22   nine digits.

23         The Court has overruled our request, and we,

24   therefore, lodge an objection for the record to the

25   failure to provide the jury with a calculator that adds

1   up to the amount of money that Plaintiffs are seeking.

2           Thank you.

3           THE COURT:  Okay.  Well, I'm going to -- I

4   haven't overruled the request yet.

5           MR. COLE:  Oh, sorry, okay.

6           THE COURT:  A request for a bigger

7   calculator has not been made yet.  But it was not the

8   Court's intent to send back a calculator that had fewer

9   digits than what you've requested, but I'm concerned now

10  that if I send one back with more digits, that I'm

11  implying that the jury ought to award some number, and

12  if they have a problem with the computational power of

13  the calculator that I've given them, then they can ask

14  me for a new calculator, and I'll look for one, which

15  I'm sure there is somebody here that can find one, all

16  right?

17          MR. COLE:  Thank you, Your Honor.

18          THE COURT:  Yes, Mr. Pollinger.

19          MR. POLLINGER:  I guess the suggestion I

20  would have, Your Honor, is that we don't take -- we

21  don't swap out the calculators, we just give them two

22  calculators.

23          THE COURT:  Well, that's what I would do if

24  they asked for another one.

25          MR. POLLINGER:  I'll just note for the

1   record a similar thing happened with one of the exhibits

2   which is favorable to the Defendants', Exhibit 957.

3   Originally, a black and white copy was sent back, and I

4   believe a new copy is being sent back that is color, and

5   I think it -- it has not gone back yet?

6           COURTROOM DEPUTY:  No.

7           MR. POLLINGER:  But if that were to

8   happen -- I think the plan was to do that, they have

9   not.  The concern I have with doing that is that it

10  creates a suggestion that that is a particularly

11  important exhibit by giving them the new one.  So I

12  think there is the same concern with respect to that, as

13  well as the calculator, Your Honor.

14          THE COURT:  Well, it's my understanding that

15  that additional exhibit did not go back, and the clerk's

16  verified that, and so I'm going -- I'll let them ask for

17  another calculator if they need to.

18          MR. POLLINGER:  Thank you, Your Honor.

19          THE COURT:  I don't think they're going to

20  be confused if the numbers -- I think they'll understand

21  that the calculator doesn't go up high enough if they're

22  intending to award you your damage model.

23          MR. POLLINGER:  Thank you, Your Honor.

24          THE COURT:  Now, something came up -- or

25  someone handed up a proffer expert report -- rebuttal

1    expert report of Stephen Becker on damages.

2              MR. MELSHEIMER:  Thank you, Your Honor.

3              This was the issue that we conducted in a

4    sidebar, and the Court asked for a court's exhibit.

5    This was a proffer on our request that Dr. Becker be

6    allowed to testify about his interviews with account

7    executives at SAP as part of his rebuttal analysis to

8    the value of the patented invention and specifically the

9    issue of use.

10              The Court in limine -- or, actually, I guess

11    in a motion to strike granted the Plaintiffs' request

12    that he not be allowed to testify on the basis of those

13    accounting review executives and related materials, and

14    we -- the Court asked me to provide an exhibit to the

15    Court to memorialize that, and we've done so.

16              THE COURT:  Okay.  Is there any objection to

17    the proffer?

18              MR. COLE:  I mean, I don't recall the

19    sidebar.  Obviously, we would not agree that if there

20    was a waiver previously that we would agree there's not

21    a waiver, but putting that aside, we have no objection

22    at this time.

23              THE COURT:  Okay.  Well, I had requested the

24    opposition paper.  I indicated that you could make your

25    proffer based on the opposition papers to the motion.

1    Was his rebuttal report a part of the opposition papers?

2              MS. SKINNER:  The opposition paper -- the

3    opposition papers were submitted as Court's Exhibit 3,

4    I'm being told, Your Honor.

5              THE COURT:  Right, but, I mean --

6              MS. SKINNER:  I believe there may have been

7    a miscommunication that we also believed you wanted the

8    rebuttal report of Mr. Becker, and if that was not the

9    case --

10              THE COURT:  Well, there was an additional

11   request at sidebar I believe before Mr. Becker went on

12   or at some point during his testimony by Mr. Melsheimer

13   about it.  Listen, I'm going to receive it as Court's

14   Exhibit 5.  I don't think that -- I don't think that

15   there was a prior waiver of it, but it's limited to

16   the -- what his proffered testimony would be on the

17   question of those surveys, the customer interviews.

18              MR. MELSHEIMER:  Yes, sir, that's what --

19   absolutely, it was the motion to strike that was granted

20   that he wasn't allowed to testify about that particular

21   aspect of his report, and we're just proffering that to

22   preserve that objection and that ruling.

23              THE COURT:  You apprise me of that, and I've

24   allowed you to do it this way --

25              MR. MELSHEIMER:  Thank you, Your Honor.

```
 1              THE COURT:  Becker's rebuttal report is

 2   received as Court's Exhibit 5.

 3              MR. MELSHEIMER:  Are we in recess, Your

 4   Honor?

 5              LAW CLERK:  All rise.

 6              (Recess.)

 7              COURT SECURITY OFFICER:  All rise for the

 8   jury.

 9              (Jury in.)

10              COURT SECURITY OFFICER:  All rise.

11              THE COURT:  Please be seated.

12              There's a lot of up and down here, and I'm

13   sorry.

14              All right.  Mr. Luman, I've been advised

15   that y'all have reached a verdict; is that correct?

16              MR. LUMAN:  That is correct, Your Honor.

17              THE COURT:  If you don't mind, please pass

18   it to the Court's security officer and he'll hand it to

19   me.

20              Okay.  What I'm going to do is I'm going to

21   read the question number along with the jury's answer

22   and not read the entire question.

23              Question No. 1:  Claim 26, yes.  Claim 28,

24   yes.  Claim 29, yes.

25              Question No. 2:  Yes.
```

1          Question No. 3:  Yes.

2          Question No. 4:  $260 million.

3          Question No. 5:  $85 million.

4          Signed the 13th day of May, 2011.  Larry

5     Luman, jury foreperson.

6          Now, at this time, ladies and gentlemen, if

7     that reflects your verdict, I need you to stand at this

8     time.

9          All right.  Let the record reflect that each

10    of the eight jurors are standing indicating a unanimous

11    verdict.  You may be seated.

12         Ladies and gentlemen, I'm about to discharge

13    you at this time.  These cases are very difficult.  They

14    are complex.  They are expensive to try for the lawyers

15    and for the parties.  And your patience and attention

16    throughout the proceedings is appreciated by both the

17    Court as well as the parties to the case.

18         I have -- the rules of this district prevent

19    lawyers and the parties to the cases from reaching out

20    to you and contacting you about your jury service.  What

21    they don't prevent, though, is you contacting lawyers

22    about -- or the parties about your jury service.  But

23    you can contact whoever you want or you cannot contact

24    whoever you want.  It's entirely up to you.

25         So, in other words, you can talk about your

1   jury service at this point or you cannot talk about it.

2   You have the right to be left alone and the lawyers will

3   not be -- they are prohibited from talking to you.

4           If you are to see a lawyer on the square and

5   you want to wave him over, though, or her over and visit

6   with them, you're -- you're free to do that, but make

7   sure that you want to do that because I can assure they

8   will want to talk to you if you wave them over.

9           So you've got, again, the thanks of the

10  Court and the parties for your hard work this week.  You

11  are discharged at this time from jury duty.

12          If you would please remember to return your

13  buttons to the clerk's office, that way Ms. Anderson

14  will at least not be on me all next week about why I

15  gave her buttons away, okay?

16          Y'all are excused.  Thank you, again.

17          COURT SECURITY OFFICER:  All rise for the

18  jury.

19          (Jury out.)

20          THE COURT:  All right.  Ms. Lockhart, if

21  you'll file the verdict.

22          Anything from the Plaintiff at this time?

23          MR. BAXTER:  No, Your Honor.

24          MR. COLE:  Withdraw our objection on the

25  calculator.

```
 1              THE COURT:  From the Defendant?

 2              MR. MELSHEIMER:  Nothing, Your Honor.

 3              THE COURT:  All right.  This case has been

 4    pending for some time.

 5              Mr. Cole --

 6              MR. COLE:  Yes, Your Honor.

 7              THE COURT:  -- I will receive your proposed

 8    form of judgment a week from today.

 9              MR. COLE:  Okay.

10              THE COURT:  I am not inclined to find the

11    case to be exceptional.  I am inclined to award

12    pre-judgment interest at the 90-day T-bill rate average

13    at the year end, and if you want to pitch to me why you

14    think I ought to award more than that, you can, but I

15    would suggest that you submit to me a proposed form of

16    judgment that computes pre-judgment interest at that

17    rate.

18              I will set a hearing on your proposed form

19    of injunction early next week.  I will set the hearing

20    early next week, and I'll try to get to that as quickly

21    as I can.

22              Okay.  Court's in recess.

23              LAW CLERK:  All rise.

24              (Trial concluded.)

25
```

1                    CERTIFICATION.

2

3

4    I HEREBY CERTIFY that the foregoing is a true and

5    correct transcript from the stenographic notes of the

6    proceedings in the above-entitled matter to the best of

7    my ability.

8

9

10
     /s/_____                May 13 2011
11   SHELLY HOLMES, CSR
     Deputy Official Court Reporter
12   State of Texas No. 7804
     Expiration Date:  12/31/12
13
     /s/_____                May 13, 2011
14   GLENDA FULLER, CSR
     Deputy Official Court Reporter
15   State of Texas No. 1042
     Expiration Date:  12/31/12
16

17

18

19

20

21

22

23

24

25