IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VERSATA SOFTWARE INC., et al., § <br>     *Plaintiffs,* § <br> § <br> v. § <br> § <br> SAP AMERICA, INC. and SAP AG, § <br>     *Defendants.* § | CASE NO. 2:07-CV-153 CE |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Pending before the Court is Defendants SAP America, Inc.'s and SAP AG's (collectively, "SAP") motion for judgment as a matter of law ("JMOL") on the issues relating to no pre-suit damages and new trial due to an absence of constructive or actual notice under section 287(a) (Dkt. No. 558). Having carefully considered the parties' submissions, the record, and the applicable law, the Court finds that the motion should be GRANTED-IN-PART and DENIED-IN-PART. The jury's damages award of $345,000,000 will be reduced by $16,345,194.00 because there was not a sufficient evidentiary basis to find that SAP had constructive notice of U.S. Patent No. 6,553,350 ("the '350 patent") from the time it issued on April 22, 2003, until Versata began marking its products on September 25, 2003.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

Following the August 2009 trial in this case, the jury found that SAP directly infringed claims 31, 35, and 36 of U.S. Patent No. 5,878,400 ("the '400 patent"), and claims 26, 28, and 29 of 6,553,350 B2 ("the '350 patent"). The jury also found that SAP induced and contributed to the infringement of claim 29 of the '350 patent. In addition, the jury found that the asserted claims of the '400 and '350 patents were not invalid for failure to satisfy the best mode

1

requirement. The jury awarded Plaintiffs Versata Software, Inc., Versata Development Group, and Versata Computer Industry Solutions, Inc. (collectively "Versata") damages in the amount of $138,641,000. (*See* Dkt. No. 318 (Verdict Form).)

On December 21, 2010, the Court granted SAP's motion for judgment as a matter of law regarding non-infringement of the '400 patent. (Dkt. No. 409.) The Court, however, denied SAP's motion for judgment as a matter of law as to direct infringement of the asserted claims of the '350 Patent and indirect infringement of claim 29 of the '350 Patent. On January 6, 2011, the Court granted SAP a new trial on damages.

On May 6, 2010, SAP modified the products that the first jury found infringed. The issues of damages and infringement with regard to SAP's modified infringing products were tried to a second jury from May 9, 2011 to May 12, 2011. After the close of evidence, the second jury found that SAP, by way of its modified infringing products, directly infringed claims 26, 28 and 29 of the '350 patent and induced and contributed to the infringement of claim 29 of the '350 patent. The jury awarded Versata $260,000,000.00 as lost profits caused by SAP's infringement and $85,000,000.00 as reasonable royalty damages.

## III. LEGAL STANDARD

    a) **JMOL**

A motion for JMOL is a procedural issue not unique to patent law; thus, such motions are reviewed under the law of the regional circuit. *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, JMOL may only be granted if "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995) (internal citation omitted); *see also* Fed. R. Civ. P. 50(a)(1) (stating that JMOL may be granted only if "the court finds that a reasonable jury would not have a

legally sufficient evidentiary basis to find for the party on [an] issue."). In ruling on a motion for JMOL, the court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). The court, however, may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *Id.* That is, the court gives "great deference to a jury's verdict" and it should be overturned "only if, when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004).

### b) Marking

The marking statute, 35 U.S.C. § 287, requires marking of the embodying products that are made or sold. 35 U.S.C. § 287 ("Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number of the patent . . . ."). In *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, the Supreme Court explained that the notice requirement of the marking statute "is designed for the information of the public." 489 U.S. 141, 162 (1989) (quoting *Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*, 297 U.S. 387 (1936)). Consistent with that explanation, the Federal Circuit has identified "three related purposes" for the marking statute: "1) helping to avoid innocent infringement, 2) encouraging patentees to give notice to the public that the article is patented, and 3) aiding the public to identify whether an article is patented." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998) (citations omitted). The second and third purposes are a means to achieve the

first purpose. *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, No. 00-981/KAJ, 2003 U.S. Dist. LEXIS 5409 at *59 (D. Del. 2003). Encouraging patentees to give notice to the public that the article is patented (by marking it with its patent number) aids the public in identifying whether or not an article is patented. *Id*.

    c)  **New Trial**

Pursuant to Federal Rule of Civil Procedure 59(a) the court "may, on motion, grant a new trial on all or some of the issues–and to any party . . . after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ." Fed. R. Civ. P. 59(a). The regional circuit law generally applies to motions for new trials. *See Riverwood Intern. Court v. R.A. Jones & Co., Inc.,* 324 F.3d 1346, 1352 (Fed. Cir. 2003); *Sulzer Textil A.G. v. Picanol N.V.,* 358 F.3d 1356, 1362-1363 (Fed. Cir. 2004) ("[W]e will apply [Federal Circuit] law to both substantive and procedural issues "intimately involved in the substance of enforcement of the patent right."") (quoting *Viam Corp. v. Iowa Exp.-Imp. Trading Co.*, 84 F.3d 424, 428 (Fed. Cir. 1996)). In the Fifth Circuit, a court may grant a new trial if it finds the verdict is against the great weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed. *See*, *e.g.*, *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). The Court, however, may not "grant a new trial simply because [it] would have come to a different conclusion then the jury did." *Peterson v. Wilson*, 141 F.3d 573, 577 (5th Cir. 1998) (citations omitted). "The decision to grant or deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999).

## IV.   DISCUSSION AND ANALYSIS

The jury heard evidence that after Versata's '350 patent issued on April 22, 2003, Versata did not notify SAP of the '350 patent either orally or in writing until the day it filed its complaint on April 20, 2007. (5/10/11 PM Trial Tr. at 61:7-13). The jury also heard evidence that prior filing the complaint, Versata had not accused SAP's products of infringing the '350 patent, and that Versata began selling software covered by the scope of the claims of the '350 patent before the patent issued, but did not begin marking that software with the '350 patent until September 25, 2003. (5/10/11 PM Trial Tr. at 62:24-63:12). The Court finds that Versata's failure to mark prior to September 25, 2003, precludes damages prior to that date. *Maxwell v. J. Baker*, 86 F.3d 1098, 1111 (Fed. Cir. 1996); *Amsted Indus. Inc. v. Buckey Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).  SAP is therefore entitled to JMOL of no damages prior to September 25, 2003.

SAP submitted a proposed calculation for determining the amount of damages incurred prior to September 25, 2003. (Dkt. No. 558-9.)  This proposed calculation is based on reducing the damages award proportionally based on the damages period, April 22, 2003 to May 13, 2011, presented to the jury by Versata's expert.  This results in a reduction of $16,345,194 for the period of April 22, 2003 to September 25, 2003.  Versata contends that SAP's proposed $16,345,194 reduction of the damages award would be unwarranted.  Versata argues that the jury already awarded Versata $110 million less than the damages that Versata requested based on the evidence adduced at trial.  Thus, Versata argues that the jury's present damages award would not be inconsistent with the evidence even upon a finding that Versata did not comply with the marking statute prior to September 25, 2003.  Particularly in light of the jury instructions, the Court disagrees.  Viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of SAP that the Court believes that reasonable

5

jurors could not arrive at any contrary conclusion. Accordingly, the Court GRANTS SAP's JMOL of no damages prior to September 25, 2003, and reduces the lost profits damages awarded by $11,841,118, and the reasonable royalty damages awarded by $4,504,076, for a total reduction of $16,345,194.

The Court DENIES SAP's JMOL and/or new trial of no damages for the time period of September 25, 2003, to when the complaint was filed on April 20, 2007. The Court finds that the jury had sufficient evidentiary basis to conclude that Versata complied with the marking statute and SAP had constructive notice of the '350 patent from at least September 25, 2003. (*See, e.g.,* 5/10/11 PM Trial Tr. at 41:9-59:6 and 73:11-19; PX1444; PX1952; PX1953.) The Court also finds that the verdict is not against the great weight of the evidence.

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Defendants' motion for JMOL on the issues relating to no pre-suit damages and new trial due to an absence of constructive or actual notice under section 287(a).

It is so ORDERED.

SIGNED this 9th day of September, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE