IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE INC., et al., § | | |
|    *Plaintiffs*, § | | |
| § | | |
| v. § | | CASE NO. 2:07-CV-153 CE |
| § | | |
| SAP AMERICA, INC. and SAP AG, § | | |
|    *Defendants*. § | | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Pending before the Court is Defendants SAP America, Inc.'s and SAP AG's (collectively, "SAP") motion for judgment as a matter of law ("JMOL") and new trial regarding liability issues (Dkt. No. 559). In general, Defendants argue that: (1) Versata failed to provide an element-by-element analysis under any of its direct infringement theories; (2) each of Versata's "use" theories was legally insufficient to demonstrate direct infringement by SAP; (3) Versata failed to prove infringement of dependant claims 26 and 28 because it failed to prove infringement of the corresponding independent claims; and (4) Versata failed to prove inducement of infringement and contributory infringement of claim 29 of the '350 patent. Having carefully considered the parties' submissions, the record, and the applicable law, the Court finds that the motion should be DENIED.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

Following the August 2009 trial in this case, the jury found that SAP directly infringed claims 31, 35, and 36 of U.S. Patent No. 5,878,400 ("the '400 patent"), and claims 26, 28, and 29 of 6,553,350 B2 ("the '350 patent"). The jury also found that SAP induced and contributed to the infringement of claim 29 of the '350 patent. In addition, the jury found that the asserted

claims of the '400 and '350 patents were not invalid for failure to satisfy the best mode requirement. The jury awarded Plaintiffs Versata Software, Inc., Versata Development Group, and Versata Computer Industry Solutions, Inc. (collectively "Versata") damages in the amount of $138,641,000. (*See* Dkt. No. 318 (Verdict Form).)

On December 21, 2010, the Court granted SAP's motion for judgment as a matter of law regarding non-infringement of the '400 patent. (Dkt. No. 409.) The Court, however, denied SAP's motion for judgment as a matter of law as to direct infringement of the asserted claims of the '350 Patent and indirect infringement of claim 29 of the '350 Patent. On January 6, 2011, the Court granted SAP a new trial on damages.

On May 6, 2010, SAP modified the products that the first jury found infringed. The issues of damages and infringement with regard to SAP's modified infringing products were tried to a second jury from May 9, 2011 to May 12, 2011. After the close of evidence, the second jury found that SAP, by way of its modified infringing products, directly infringed claims 26, 28 and 29 of the '350 patent and induced and contributed to the infringement of claim 29 of the '350 patent. The jury awarded Versata $260,000,000.00 as lost profits caused by SAP's infringement and $85,000,000.00 as reasonable royalty damages.

III. **LEGAL STANDARD**

   a) **JMOL**

A motion for JMOL is a procedural issue not unique to patent law; thus, such motions are reviewed under the law of the regional circuit. *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, JMOL may only be granted if "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995) (internal citation omitted); *see also* Fed. R. Civ. P. 50(a)(1) (stating

that JMOL may be granted only if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue."). In ruling on a motion for JMOL, the court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). The court, however, may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *Id.* That is, the court gives "great deference to a jury's verdict" and it should be overturned "only if, when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004).

    b) **New Trial**

Pursuant to Federal Rule of Civil Procedure 59(a) the court "may, on motion, grant a new trial on all or some of the issues–and to any party . . . after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ." Fed. R. Civ. P. 59(a). The regional circuit law generally applies to motions for new trials. *See Riverwood Intern. Court v. R.A. Jones & Co., Inc.,* 324 F.3d 1346, 1352 (Fed. Cir. 2003); *Sulzer Textil A.G. v. Picanol N.V.,* 358 F.3d 1356, 1362-1363 (Fed. Cir. 2004) ("[W]e will apply [Federal Circuit] law to both substantive and procedural issues "intimately involved in the substance of enforcement of the patent right.'") (quoting *Viam Corp. v. Iowa Exp.-Imp. Trading Co.*, 84 F.3d 424, 428 (Fed. Cir. 1996)). In the Fifth Circuit, a court may grant a new trial if it finds the verdict is against the great weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed. *See*, *e.g.*, *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). The Court, however, may not "grant a new trial simply

because [it] would have come to a different conclusion then the jury did." *Peterson v. Wilson*, 141 F.3d 573, 577 (5th Cir. 1998) (citations omitted). "The decision to grant or deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999).

## IV.  DISCUSSION AND ANALYSIS

Defendants generally argue that: (1) Versata failed to provide an element-by-element analysis under any of its direct infringement theories; (2) each of Versata's "use" theories was legally insufficient to demonstrate direct infringement by SAP; (3) Versata failed to prove infringement of dependant claims 26 and 28 because it failed to prove infringement of the corresponding independent claims; and (4) Versata failed to prove inducement of infringement and contributory infringement of claim 29 of the '350 patent. The Court will now address each of these topics and the various subtopics raised by Defendants in their motion.

First, SAP contends that Versata failed to establish that every limitation of '350 patent claims 26, 28, and 29 was met by the accused products that included the May 2010 code changes (hereafter "2011 Modified Products"). SAP argues that rather than compare the 2011 Modified Products to the asserted claims, Versata's expert, Mr. Gupta, compared the 2011 Modified Products to the products accused and found to infringe at the August 2009 proceeding (hereafter "2009 Accused Products"). SAP contends that this product-to-product comparison was legally insufficient to establish direct infringement. SAP cites *Zenith Labs., Inc. v. Bristol-Myers Squibb, Co.*, 19 F.3d 1418 (Fed. Cir. 1994), to support its position. *Id.* at 1423 ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or

process; the only proper comparison is with the claims of the patent."). The Court disagrees with SAP's characterization and finds that the evidentiary record supports a finding that all claim elements are met by the 2011 Modified Products. For example, SAP did not dispute that its products, prior to the modification in May 2010, met all claim limitations:

> Q. [By Mr. Melsheimer] Is there -- is there any dispute on this side of the world, this side of the table, that SAP acknowledges that we have had that capability that infringes three claims of Mr. Carter's patent, that we've had that in our product since April of 2000 -- we've had it since 1998, and it's been infringing since April of 2003?
>
> A. [By Dr. Becker] No dispute.
>
> Q. Any dispute about that anywhere that you're aware of in this courtroom during this trial?
>
> A. Not a bit.

(5/11 PM Tr. at 69:4-14.) Because the second jury had to assume that the 2009 Accused Products met all of the claim elements, it was not improper for the second jury to determine whether the product modifications were sufficient to stop that infringement. To be sure, Versata did not compare the 2011 Modified Product to its commercial embodiment, but instead compared it to the claims of the patent. For at least this reason, the Court finds that the jury had a sufficient evidentiary basis to find that the 2011 Modified Product directly infringe the claims of the '350 patent.

SAP next contends that each of Versata's "use" theories was legally insufficient to demonstrate direct infringement by SAP. The Court disagrees and finds that use is not required for there to be infringement of the '350 patent. SAP even admitted as much. (5/12 AM Tr. at 20:7–18 (Mercer: "Q. Mr. Batchelder pointed out to you a few times that use is not required for there to be infringement, right? A. Yes, he did."); 5/12 AM Tr. at 62:10–23 (Mercer); 5/11 AM Tr. at 127:3–11 (Becker).) As the Federal Circuit held in *Finjan, Inc. v. Secure Computing*

5

*Corp.*, 626 F.3d 1197, 1204-05 (Fed. Cir. 2010), so long as the code was capable of operating in the claimed manner there was still infringement of the system and storage media claims even before those capabilities are unlocked. Accordingly, the Court finds that the jury had a sufficient evidentiary basis for finding that the 2011 Modified Product directly infringe the claims of the '350 patent.

SAP next contends that Versata failed to prove, infringement of dependent claims 26 and 28 because it failed to prove infringement of the corresponding independent claims. First, the Court notes that the jury found that SAP directly infringed not only claims 26 and 28, but also claim 29. (Dkt. No. 515 at 2.) Indeed, Versata presented expert testimony that apparatus claim 29 is directly infringed "when SAP delivers those computer instructions or downloads those computer instructions on to a computer at one of their customers." (5/10 AM Tr. at 129:24-131:12.)

Second, the Court notes that claim 26 is a *Beauregard* claim depending from claim 17, and claim 28 is a *Beauregard* claim depending from claim 27. Although the evidence is sparse as it relates to infringement of the independent claims from which claims 26 and 28 depend, the Court finds that viewing the evidence in the light most favorable to the verdict, the evidence does not point so strongly and overwhelmingly in favor of SAP that a reasonable jurors would only find that the accused products did not infringe. Accordingly, the Court finds that the jury had a sufficient evidentiary basis for finding that the 2011 Modified Product directly infringe claims 26, 28, and 29 of the '350 patent.

Finally, SAP argues that Versata failed to prove inducement of infringement and contributory infringement of claim 29 of the '350 patent. The Court disagrees and finds that the jury had a sufficient evidentiary basis to conclude that SAP's Modified Software has no other

practical use other than installation on a computer, thereby creating a computer with program instructions capable of the claim elements. (5/10 AM Tr. 132:10–133:15, 107:2–109:7 and 129:24–132:2.) The Court is not persuaded by SAP's argument that its products can do other things "suitable for a substantial noninfringing use." To be sure, SAP's products would need to be suitable for substantial use as something other than a computer program. *Finjan*, 626 F.3d at 1204 ("[A]n accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of noninfringing modes of operation.") (quoting *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed. Cir. 2001)). Accordingly, there is a sufficient evidentiary basis for the jury's indirect infringement verdict on the basis of contributory infringement.

Regarding inducement, SAP cites the Supreme Court's recent *Global-Tech* decision, but the Court agrees with Versata that *Global-Tech* does not support a different result. *See Global-Tech Appliances Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2072 (2011) (affirming the inducement judgment). Although *Global-Tech* establishes a stringent requirement for knowledge of the patent, SAP does not dispute that by the 2011 trial, it had long known of the '350 patent and the infringement issues related thereto. Indeed, SAP had already been found liable for infringement when it made the 2011 Modified Product. Versata presented ample evidence to the jury on this point and the jury agreed that, in the context of the 2009 infringement verdict, SAP's May 2010 software patch did not remove or change any of the source code program instructions shown in 2009 to establish infringement. The jury's findings are thus supported by sufficient evidence showing that SAP clearly knew of the patent and the infringement.

## V.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion for JMOL and new trial on the issues regarding liability.  The Court concludes that the jury had a sufficient evidentiary basis for its verdict and the verdict is not against the great weight of the evidence

It is so ORDERED.

SIGNED this 9th day of September, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE