IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE INC., et al., | § | |
|    *Plaintiffs,* | § | |
| | § | |
| v. | § | CASE NO. 2:07-CV-153 CE |
| | § | |
| SAP AMERICA, INC. and SAP AG, | § | |
|    *Defendants.* | § | |

# FINAL JUDGMENT

This case was tried to a jury from August 17, 2009 to August 26, 2009. At the close of the evidence, the jury found that defendants SAP America, Inc. and SAP AG (collectively, "SAP") directly infringed claims 26, 28, and 29 of U.S. Patent No. 6,553,350 B2 (the "'350 Patent") and claims 31, 35, and 36 of U.S. Patent No. 5,878,400 (the "'400 Patent). The jury also found that SAP induced and contributed to the infringement of claim 29 of the '350 Patent. Finally, the jury found that the asserted claims of the '350 and '400 Patents were not invalid for failure to satisfy the best mode requirement.

The Court conducted a bench trial on April 27, 2010, on SAP's claim of inequitable conduct. On December 21, 2010, the Court found that SAP had not met its burden of proving inequitable conduct by clear and convincing evidence and that the '400 and '350 Patents are enforceable. The Court denied SAP's affirmative defense and counterclaim of inequitable conduct.

On December 21, 2010, the Court granted SAP's motion for judgment as a matter of law with regard to the jury's finding of direct infringement of the claims of the '400 Patent. The Court denied SAP's motion for judgment as a matter of law as to direct infringement of the

asserted claims of the '350 Patent and indirect infringement of claim 29 of the '350 Patent. On January 6, 2011, the Court granted SAP a new trial on damages.

On May 6, 2010, SAP modified its infringing products. The issues of damages and infringement with regard to SAP's modified infringing products were tried to a jury from May 9, 2011 to May 12, 2011. After the close of evidence, the jury found that SAP, by way of its modified infringing products, directly infringed claims 26, 28, and 29 of the '350 Patent, and induced and contributed to the infringement of claim 29 of the '350 Patent. The jury awarded Plaintiffs Versata Software, Inc., Versata Development Group, and Versata Computer Industry Solutions, Inc. (collectively "Versata") $260,000,000.00 as lost profits caused by SAP's infringement and $85,000,000.00 as reasonable royalty damages. The Court subsequently determined that the jury award should be reduced by $16,345,194.00 because there was not a sufficient evidentiary basis to find that SAP had constructive notice of the '350 patent from the time it issued on April 22, 2003, until Versata began marking its products on September 25, 2003. It is therefore, ORDERED, ADJUDGED, and DECREED that Versata have and recover from SAP the sum of Three Hundred Twenty-Eight Million, Six Hundred Fifty-Four Thousand, Eight Hundred Six Dollars ($328,654,806), representing the reduction of the amount of actual damages found by the jury.

The Court awards an additional Sixty-Three Million, Fifty-Seven Thousand, Two Hundred Thirty Dollars ($63,057,230) in pre-judgment interest. In calculating the pre-judgment interest, the Court deems that the damage award is what would have been payable to Versata on the date that SAP had constructive notice of the '350 patent, September 25, 2003. The Court calculates the pre-judgment interest rate consistent with the average of the ninety (90) day commercial paper rate, annualized using a 360-day year or bank interest, as established by the

Federal Reserve Board, and uses this rate compounded on a yearly basis for the time period from September 25, 2003 to the date of judgment to calculate the pre-judgment interest award. Versata is the prevailing party in this litigation and the Court awards costs to the Versata as the prevailing party. The judgment shall bear interest at the lawful federal rate.

It is this Court's intention to resolve all issues in this case before the undersigned steps down from the bench on September 30, 2011. Any party who wishes to file post-judgment briefing must do so within 7 days of the entry of this judgment. Responses must be filed within 5 days of the initial filing. The Court finds that this shortened period is more than adequate given the extensive briefing on these issues. Finally, the Court reminds the parties that all motions must be filed within the page limits prescribed by the local rules, and the Court will not entertain any motions for extensions of page limits or time absent a showing of good cause (and the fact that the motion is unopposed or agreed by the opposing party does not necessarily mean good cause). And to be clear, the parties may not file multiple motions to subvert the thirty-page limit.

This is a FINAL JUDGMENT. All relief not expressly granted is DENIED. All pending motions are DENIED, except those seeking to exceed page limits and motions previously ruled on by the Court. Any pending motions to exceed the page limitation of the local rules of this court are GRANTED, as the court has considered all of the parties' submissions.

IT IS SO ORDERED.

SIGNED this 9th day of September, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE