IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.; and VERSATA COMPUTER INDUSTRY SOLUTIONS, INC., F/K/A TRILOGY COMPUTER INDUSTRY SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAP AMERICA, INC. and SAP, AG, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:07-CV-153-CE <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF VERSATA'S MEMORANDUM IN SUPPORT OF ITS
REQUEST FOR AN ORDER TAXING DISPUTED COSTS TO SAP**

TO THE HONORABLE COURT AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, MARSHALL DIVISION:

Pursuant to Fed. R. Civ. P. 54(d)(1), Plaintiffs Versata Software, Inc., Versata Development Group, Inc., and Versata Computer Industry Solutions, Inc. (collectively, Versata), as the prevailing parties in the above-captioned cause of action, move the Court and the Clerk for the taxation of costs as set forth in their simultaneously filed Bill of Costs Form AO 133.

I.  **APPLICABLE LAW**

"Versata is the prevailing party in this litigation and the Court award[ed] costs to the Versata as the prevailing party." Final Judgment (Dkt. No. 576) at 3, Sept. 9, 2011. This is consistent with Federal Rule of Civil Procedure 54(d), under which costs are to be awarded to the prevailing party as matter of course. Under 28 U.S.C. § 1920, a court may tax the following

1

as "costs": (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts. *See* 28 U.S.C. § 1920. Moreover, 28 U.S.C. § 1821(c)(4) provides that "all normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to [§ 1920]."

The total amount of costs requested by Versata is $221,073.13. Versata and Defendants SAP America, Inc. and SAP, AG ("SAP") have conducted the required meet and confer to determine the costs which are agreed-to and the costs that are contested. SAP does not oppose Versata's request for the $99,589.25 in costs described in Section II below.  SAP opposes Versata's request for the $121,484.08 in costs described in Section III below.  For the reasons set forth herein, the total amount of costs requested by Versata—$221,073.13—should be taxed to SAP.

## II.     VERSATA IS ENTITLED TO RECOVER $99,589.25 IN UNOPPOSED COSTS.

Costs not objected to are to be awarded. *See Finisar Corp. v. The DirecTV Group, Inc.*, No. 1:05-CV-264, 2006 U.S. Dist. LEXIS 71138, at *5 (E.D. Tex. Aug. 4, 2006).  Accordingly, Versata now moves for the following costs, which are not objected to by SAP:

| Fee Description | Total Unopposed Cost Amount |
|---|---|
| **Fees of the Clerk and Marshal**<br>*See* Exhibit A, attached hereto. | $350.00 |
| **Court Reporter Fees – Excluding Video Recording Fees (Depositions)**<br>*See* Exhibit B, attached hereto. | $51,520.38 |
| **Court Reporter Fees (Hearings & Trials)**<br>*See* Exhibit C, attached hereto. | $38,243.00 |

2

| | |
|---|---|
| **Witness Fees**<br>*See* Exhibit D, attached hereto. | $8,062.84 |
| **Exemplification and Copy Fees – Costs for One Set of Exhibits is Unopposed**<br>*See* Exhibit E, attached hereto. | $23,273.14 |
| **Compensation of Interpreters**<br>*See* Exhibit F, attached hereto. | $11,473.25 |
| **Offset to SAP per May 2009 Stipulation of the Parties**[1] | -$33,333.36 |
| **TOTAL** | **$99,589.25** |

As the foregoing $99,589.25 in costs are not opposed, they should be automatically taxed against SAP.

### III.   VERSATA IS ENTITLED TO RECOVER $121,484.08 IN OPPOSED COSTS.

SAP has indicated that it objects to the following costs sought by Versata:

| **Fee Description** | **Total Cost Amount** |
|---|---|
| **Video Fees (Depositions)**<br>*See* Exhibit G, attached hereto. | $7,000.50 |
| **Exemplification and Copy Fees for Additional Sets of Exhibits**<br>*See* Exhibit E, attached hereto. | $24,393.58 |
| **Fees for Audio/Visual Professional Services**<br>*See* Exhibit H, attached hereto. | $90,090.00 |
| **TOTAL** | **$121,484.08** |

In light of the applicable case law and relevant facts discussed below, these $121,484.08 in opposed costs should also be taxed against SAP.

---

[1]  In light of a May 2009 stipulation by the Parties, Versata has agreed to an offset of its taxable costs in the amount of $33,333.36.

3

### A.     Versata is Entitled to Recover $7,000.50 in Video Deposition Costs.

Before the Judicial Administration and Technical Amendments Act of 2008 amended § 1920, Fifth Circuit precedent precluded the recovery of costs for videotaping depositions without prior authorization from the court. *See Gaddis v. U.S.*, 381 F.3d 444, 476 (5th Cir. 2004) (citing *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001)).  Since passage of the Act, however, § 1920 provides for recovery of "[f]ees for printed or *electronically* recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §1920(2) (emphasis added). The Fifth Circuit made this clear in its 2009 decision in *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 Fed. App'x 443, 450-52 (5th Cir. 2009), and since that time at least four district courts in the Fifth Circuit have relied on *S&D Trading Academy* to permit the recovery of video deposition costs under §1920(2).[2]  Pursuant to this precedent, Versata is entitled to recover its $7,000.50 of costs for five videotaped depositions played as part of Versata's case-in-chief at trial, namely, the depositions of Hasso Plattner, Andrei Hagui, Melissa Lynn McNally, Wolfgang Nieswand, and Barbara Althoff-Simon.

### B.     Versata is Entitled to Recover $24,393.58 in Exemplification and Copying Costs.

Costs of copies and exemplification necessarily obtained for use in the litigation are recoverable. *See* 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Courts in the Eastern District of Texas have determined that costs for scanning and making copies of trial exhibits meet the "necessarily obtained" requirement. *See, e.g. Sorkin v.*

---

[2] *See Baisden v. I'm Ready Productions, Inc.*, 2011 U.S. Dist. LEXIS 70184, at *13-18 (S.D. Tex. June 10, 2011) ("the cost for videotaped depositions is now recoverable under § 1920(2)"); *Illinois Central R.R. Co. v. Harried*, 2011 U.S. Dist. LEXIS 9984, at *8-10 (S.D. Miss. Jan. 25, 2011); *Nilesh Enters. v. Lawyers Title Ins. Corp.*, 2010 U.S. Dist. LEXIS 66146, at *8-9 (W.D. Tex. July 1, 2010); *Rains v. BNSF Railway Co.*, 2010 U.S. Dist. LEXIS 143226, at *4 (N.D. Tex. June 7, 2010) (the Fifth Circuit in *S&D Trading Academy* "apparently [took] for granted that the costs for videotaped depositions are now recoverable").

4

*Universal Bldg. Prods.*, 2010 U.S. Dist. LEXIS 11112, at *23 (E.D. Tex. 2010); *West v. Perry*, No. 2:07-CV-200, 2009 U.S. Dist. LEXIS 63277, at *16 (E.D. Tex. July 23, 2009); *Nat'l Instruments v. The Mathworks, Inc.*, No. 5:01-CV-11, Dkt. No. 439 at ¶6 (E.D. Tex. Nov. 17, 2003) (Ward, J.) (Buratti Decl. Ex. 1, attached herewith) ("The court finds that the claimed expenses associated with duplication of exhibits is reasonable under the circumstances of this case and awards the plaintiff $88,187.42."). Such recoverable costs may include the electronic scanning of trial exhibits and copying multiple sets of trial exhibits for the Court and the defendant, among others. *Nat'l Instruments*, No. 5:01-CV-11, Dkt. No. 439 at ¶6.

SAP does not dispute that these types of fees are recoverable. Rather, SAP takes the position that Versata may recover the costs of scanning and making copies of only one complete set of trial exhibits. Thus, SAP does not oppose Versata's recovery of $23,273.14 in exemplification and copy costs for one the set of exhibits that Versata provided to the Court, but opposes the $24,393.58 that Versata seeks to recover for the exemplification and copying of additional sets of certain exhibits. However, in addition to the set of exhibits provided to the Court, Versata necessarily required additional sets of certain trial exhibits for use by Versata and Versata's trial witnesses. Versata thus seeks to recover the exemplification and copy costs associated with these additional sets of certain exhibits.

Judge Ward addressed this precise issue in *Nat'l Instruments v. The Mathworks, Inc.*, No. 5:01-CV-11, Dkt. No. 439 at ¶6 (E.D. Tex. Nov. 17, 2003) (Buratti Decl. Ex. 2). There, the prevailing party argued that it was entitled to recover $87,877.42 in costs for the exemplification and copying of documents necessary to the preparation of the case, including the copying of multiple sets of trial exhibits for the Court, the plaintiff, the defendant, and the testifying witnesses, and the electronic scanning of the trial exhibits for presentation to the Court and jury during the trial and for exchange with MathWorks' counsel. Plaintiff's Br. in Resp. to Def.'s

Objections to its Bill of Costs at 11, *Nat'l Instruments v. The Mathworks, Inc.*, No. 5:01-CV-11, (Buratti Decl. Ex. 1). Although Mathworks objected to the number of copies of exhibits taxed, the Court agreed with National Instruments that the additional copies were not merely a convenience to counsel, as MathWorks suggested, but that National Instruments necessarily required additional copies for trial preparation. The Court stated that that "the number of copies [was] reasonable, in light of the complexity of the case and the dynamics of the trial presentations." *Nat'l Instruments v. The Mathworks, Inc.*, No. 5:01-CV-11, Dkt. No. 439 at ¶6 (Buratti Decl. Ex. 2).

The additional exemplification and copying costs sought by Versata are for additional sets of certain trial exhibits only and represent just a fraction of the production and reproduction costs necessarily borne by Versata throughout the pendency of this case. Considering the complexity of the case and the volume of documents involved, Versata's request for $24,393.58 in exemplification and copying costs beyond the costs agreed to by SAP is entirely reasonable.

### C. Versata is Entitled to Recover $90,090.00 in Costs for Audio and Visual Professional Services.

This Court also allows recovery of costs associated with audio and visual professional services. *Finisar Corp.*, 2006 U.S. Dist. LEXIS 71138, at *7. Specifically, this Court has awarded the costs for professional trial technicians or graphics services where such services are deemed necessary for the efficient presentation of trial, particularly in complicated cases and cases where both sides utilize professional technicians to present their case. *Smith & Nephew v. Arthrex, Inc.*, 2010 U.S. Dist. LEXIS 59029, at *6-*7 (E.D. Tex. June 15, 2010) (Ward, J.). Here, Versata requests $90,090.00 in audio-visual services expenses incurred in order to streamline and efficiently present its case during hearings and at trial. This figure represents the costs incurred by Versata for the audio and visual technical support for the preparation and

6

presentation of Versata's case in two hearings, the 2011 jury selection, and the two trials. Versata incurred significantly greater costs—a total of over $158,000—in preparing the audio-visual presentation for the hearings and trials, as reflected in the invoices attached herewith, yet conservatively seeks only a portion of the costs associated with one professional technician, Pete Diaz.

### III. CONCLUSION

For the reasons set forth above, Versata respectfully requests taxation of $221,073.13 in costs against SAP.

DATED: September 16, 2011     Respectfully submitted,

| | |
|---|---|
| Steven J. Pollinger<br>Texas State Bar No. 24011919<br>spollinger@mckoolsmith.com<br>Scott L. Cole<br>Texas State Bar No. 00790481<br>scole@mckoolsmith.com<br>Laurie Fitzgerald<br>Texas State Bar No. 24032339<br>lfitzgerald@mckoolsmith.com<br>John M. Shumaker<br>Texas State Bar No 24033069<br>jshumaker@mckoolsmith.com<br>Josh W. Budwin<br>Texas State Bar No. 24050347<br>jbudwin@mckoolsmith.com<br>Kevin Kneupper<br>Texas State Bar No. 24050885<br>kkneupper@mckoolsmith.com<br>Leah Buratti<br>Texas State Bar No. 24064897<br>lburatti@mckoolsmith.com<br>McKool Smith, P.C.<br>300 W. 6th Street, Suite 1700<br>Austin, Texas 78701<br>Telephone: (512) 692-8700<br>Telecopier:  (512) 692-8744 | By:  */s/ Samuel F. Baxter*<br>    Samuel F. Baxter, Lead Attorney<br>    Texas State Bar No. 01938000<br>    sbaxter@mckoolsmith.com<br>    McKool Smith, P.C.<br>    104 East Houston, Suite 300<br>    Marshall, Texas 75670<br>    Telephone: (903) 923-9001<br>    Telecopier: (903) 927-2622<br><br>    Theodore Stevenson, III<br>    Texas State Bar No. 19196650<br>    tstevenson@mckoolsmith.com<br>    Steven Callahan<br>    Texas State Bar No. 24053122<br>    scallahan@mckoolsmith.com<br>    McKool Smith, P.C.<br>    300 Crescent Court, Suite 1500<br>    Dallas, Texas 75201<br>    Telephone: (214) 978-4000<br>    Telecopier: (214) 978-4044 |

*Counsel for Plaintiffs Versata Software, Inc.,*
*Versata Development Group and*
*Versata Computer Industry Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record pursuant to Local Rule CV-5(d) on September 16, 2011.

/s/     Leah Buratti

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on September 15, 2011 counsel for Versata and counsel for SAP conferred regarding the items set forth in this Bill of Costs. SAP opposes in part the Bill of Costs as submitted.

/s/     Leah Buratti