# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.; and VERSATA COMPUTER INDUSTRY SOLUTIONS, INC., F/K/A TRILOGY COMPUTER INDUSTRY SOLUTIONS, INC., <br><br>    Plaintiffs <br><br> vs. <br><br> SAP AMERICA, INC. and SAP, AG, <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br><br><br><br> NO.    2:07-CV-153-CE <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS SAP AMERICA, INC. AND SAP AG'S
OPPOSITION TO VERSATA'S PROPOSED BILL OF COSTS**

After extensive meet and confer concerning Versata's bill of costs, SAP does not oppose $99,589.25 of Versata's costs. The only issues for the Court are three categories of Versata's costs (totaling $121,484.08) precluded by the costs statute and appellate authority.

The plain language of 28 U.S.C. § 1920(2) allows recovery for deposition transcripts *or* electronic video recording, not both.[1] Consistent with the statute, the Court should deny Versata's request for $7,000.50 in video deposition costs because Versata will already recover deposition transcript expenses for those same depositions.

The prevailing party may recover costs for only one set of copies, not multiple sets.[2] SAP does not oppose $23,273.14 in costs for one set of copies, but the court should deny $24,393.58 in requested costs for additional copies not shown to be necessary for the case.[3]

The Federal Circuit has held that graphics fees are not allowed under the costs statute, and directly rejected Versata's argument that graphics technician fees should be taxable in patent cases involving complex issues.[4] Because Versata has pointed to no Fifth Circuit or Federal Circuit case which would justify a departure from the denial of graphics costs in *Summit Tech* or *Penrod Drilling*, Versata's requested $90,090.00 in graphics technician costs should be denied.

---

[1] *EEOC v. Boot, et al.*, 2010 WL 520564, *5 (N.D.Iowa Feb. 9, 2010) ("In light of the use of the disjunctive in the amended language, the court determines that costs are taxable for *either* stenographic transcription *or* videotaped depositions-*not both* . . . It would be contrary to the plain language of § 1920 to allow CRST to recover costs for both stenographic transcripts and video costs for the same depositions.") (emphasis added); *Thomas v. Newton*, 2009 WL 1851093, *3 (E.D.Mo. Jun. 26, 2009) ("In October 2008, § 1920(2) was amended to permit taxable costs for '[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]'. In light of the use of the disjunctive in this amended language, the undersigned determines costs to be taxable for *either* stenographic transcription *or* video-recording of depositions, but *not both*.") (emphasis added), citing *United States v. Smith*, 35 F.3d 344, 346 (8th Cir.1994); *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979).

[2] *Maurice Mitchell Innovations, L.P. v. Intel Corp*. 491 F.Supp.2d 684, 687 (E.D. Tex. 2007) ("Charges for multiple copies of documents . . . are not recoverable."); *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (same); *Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1380 (Fed. Cir. 2006) (denying copying costs not shown to be necessary for maintenance of the action).

[3] Multiple copies were particularly unnecessary in this case given the parties constant access to electronic PDF copies of each exhibit on laptops, tablets, hard drives, flash drives, and the Court's audio/visual system.

[4] *Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1377-78 (Fed. Cir. 2006) (adopting narrow reading of "exemplification" under 28 U.S.C. § 1920(4) and denying $98,786.79 in costs for preparing trial exhibits, including computer animations, videos, Powerpoint presentations, and graphic illustrations), citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (upholding denial of $1,744.96 in costs for "blow-ups" used at trial).

1

Dated:  September 20, 2011

Respectfully submitted,

PARKER BUNT & AINSWORTH.

By: */s/ Robert Christopher Bunt*
    Thomas M. Melsheimer
    Texas Bar No. 13922550
    melsheimer@fr.com
    Michael A. Bittner
    Texas Bar No. 24064905
    bittner@fr.com
    1717 Main Street, Suite 5000
    Dallas, TX  75201
    214-747-5070 (Telephone)
    214-747-2091 (Telecopy)

    John W. Thornburgh (CA SBN 154627)
    thornburgh@fr.com
    Justin M. Barnes (CA SBN 217517)
    barnes@fr.com
    FISH & RICHARDSON P.C.
    12390 El Camino Real
    San Diego, California 92130
    Tel: (858) 678-5070
    Fax: (858) 678-5099

    James R. Batchelder (pro hac vice)
    James.Batchelder@ropesgray.com
    ROPES & GRAY LLP
    1900 University Ave, 6th Floor
    East Palo Alto, CA 94303
    Tel: (650) 617-4000
    Fax: (650) 617-4090

    Robert Christopher Bunt
    State Bar No. 00787165
    rcbunt@pbatyler.com
    Parker Bunt & Ainsworth
    100 E. Ferguson, Suite 1114
    Tyler, TX  75702
    Phone:  (903) 531-3535
    Fax:  (903) 533-9687

    Counsel for Defendants
    SAP AMERICA, INC. AND SAP, AG

2

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 20, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                            */s/ Robert Christopher Bunt*
                                            Robert Christopher Bunt