## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE INC., et al., | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | CASE NO. 2:07-CV-153 CE |
| | § | |
| SAP AMERICA, INC. and SAP AG, | § | |
|     *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Versata Software, Inc., Versata Development Group, Inc., and Versata Computer Industry Solutions, Inc. (collectively, Versata), contested bill of costs and memorandum of law in support thereof. (Dkt. No. 580-9.) For the following reasons, the Court GRANTS Versata's bill of costs.

**I.     BACKGROUND**

The Court entered a final judgment in this case on September 9, 2011, and awarded costs to the prevailing party, Versata. (Dkt. No. 576). On September 16, 2011, Versata submitted its bill of costs. Defendants SAP America, Inc. and SAP, AG ("SAP") do not oppose $99,589.25 of Versata's costs ("the Uncontested Costs"). (Dkt. No. 581 at 2.) SAP contests Versata's request for an award of costs for the following: (1) Versata's request for $7,000.50 in video deposition costs; (2) Versata's request for $24,393.58 for additional copies; and (3) Versata's request for $90,090.00 for audio/visual professional service ("the Contested Costs"). The Contested Costs total $121,484.08.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as matter of course, unless the Court directs otherwise. However, the provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law. The statute permits the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute. *See Crawford*, 482 U.S. at 441-42; *see also Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007); *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 686 (E.D. Tex. 2007).

## III. DISCUSSION

The parties have agreed that SAP will pay the Uncontested Costs in the amount of $99,589.25. The Court will briefly address the Contested Costs.

### A. Video Deposition Costs

SAP objects to Versata's request for $7,000.50 in video deposition costs because Versata will already recover deposition transcript expenses for those same depositions. SAP contends that the plain language of 28 U.S.C. § 1920(2) allows recovery for deposition transcripts *or* electronic video recording, not both. The Court disagrees. Before the Judicial Administration and Technical Amendments Act of 2008 amended § 1920, Fifth Circuit precedent precluded the recovery of costs for videotaping depositions without prior authorization from the court. *See Gaddis v. U.S.*, 381 F.3d 444, 476 (5th Cir. 2004) (citing *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001)). Since passage of the Act, however, § 1920 provides for recovery of "[f]ees for printed or *electronically* recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §1920(2) (emphasis added). The Fifth Circuit explained this in its 2009 decision in *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 Fed. App'x 443, 450-52 (5th Cir. 2009). Accordingly, Versata is entitled to recover its $7,000.50 of costs for five videotaped depositions played as part of Versata's case-in-chief at trial.

### B. Exemplification and Copying Costs

SAP objects to Versata's request of $24,393.58 for additional copies that it contends were not shown to be necessary for the case. The Court disagrees with SAP's contention. Costs of copies and exemplification necessarily obtained for use in the litigation are recoverable. *See* 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The Court

finds that the claimed expenses associated with duplication of exhibits is reasonable under the circumstances of this case and awards Versata $24,393.58. Considering the complexity of the case and the volume of documents involved, Versata's request for $24,393.58 in exemplification and copying costs beyond the costs agreed to by SAP is entirely reasonable.

### C. Cost for Audio and Visual Professional Services

SAP objects to Versata's request to tax $90,090.00 for audio and visual professional services. The Court finds that the requested audio/visual technical support costs are appropriate in this situation. *See Finisar Corp. v. DIRECTV Group, Inc.*, No. 1:05-cv-264, 2006 WL 2699732, at *2 (E.D. Tex. Aug. 4, 2006) ("From the beginning the court stressed to all parties that they needed to agree upon an efficient method to present the case. Both sides used professional trial technicians to present nearly every aspect of the case. The court deems the technology used at this trial necessary and reasonable."). This Court requires the parties to present their evidence at trial in a streamlined, orderly, and efficient manner. The use of technology support during trial, particularly in complicated cases such as this case, is an anticipated, useful, and necessary tool to assist in the efficient presentation of cases.

To be sure, Versata is not trying to recover all of its costs for all of the graphics technicians in the weeks leading up to and through trial totaling $158,000. Rather, Versata seeks only a portion of the costs it spent on the professional graphics services in this case. The Court finds that the requested amount is necessary and reasonable under the circumstances. Accordingly, the Court grants Versata's request for costs for audio and visual professional services in the amount of $90,090.00.

## IV. CONCLUSION

The Court orders SAP to pay an award of costs in the following amounts:

(1) Fees of Clerk in the amount of $350.00;

(2) Court Reporter Fees – Excluding Video Recording Fees (Depositions) in the amount of $51,520.38;

(3) Court Reporter Fees (Hearings & Trials) in the amount of $38,243.00;

(4) Witness Fees in the amount of $8,062.84;

(5) Exemplification and Copy Fees – Costs for One Set of Exhibits is Unopposed in the amount of $23,273.14;

(6) Compensation of Interpreters in the amount of $11,473.25;

(7) Video Fees (Depositions) in the amount of $7,000.50;

(8) Exemplification and Copy Fees for Additional Sets of Exhibits in the amount of $24,393.58; and

(9) Fees for Audio/Visual Professional Services in the amount of $90,090.00

for a total amount of $221,073.33. This total amount takes into account the parties' agreed offset to SAP of $33,333.36.

IT IS SO ORDERED.

SIGNED this 23rd day of September, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE