IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **VERSATA SOFTWARE, INC., VERSATA DEVELOPMENT GROUP, INC., AND VERSATA COMPUTER INDUSTRY SOLUTIONS, INC.**<br><br>     **Plaintiffs,**<br><br>     vs.<br><br>**SAP AMERICA, INC., AND SAP AG,**<br><br>     **Defendants.** | Civil Action No.  2:07-CV-153-RSP<br><br>**JURY TRIAL** |

**VERSATA'S MOTION TO DISMISS ITS REMAINING CLAIMS FOR INJUNCTIVE AND EQUITABLE RELIEF ON GROUNDS OF MOOTNESS**

This case is now pending before this Court on a limited remand from the Federal Circuit. In that earlier appeal, the Federal Circuit (i) affirmed in its entirety this Court's final judgment on liability and damages (Dkt. 576); but (ii) vacated in part this Court's separate order granting a permanent injunction (Dkt. 586 and 573). The circuit remanded for the sole purpose of modifying that separate injunction.

Plaintiffs Versata Software, Inc., Versata Development Group, Inc., and Versata Computer Industry Solutions, Inc. ("Versata") hereby irrevocably abandon and disclaim any right to injunctive relief (or any other equitable remedy) that remains pending and unresolved in this lawsuit. This formal disclaimer moots the remaining dispute between the parties, and thus eliminates any live "case or controversy to continue to consider." *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 523 F.3d 1374, 1380 (Fed. Cir. 2008). The order granting injunctive relief should therefore be vacated with prejudice, and the Court should enter an order dismissing with prejudice the unresolved equitable claims still pending on remand: Because Versata has now

1

"'thrown in the towel [on the only relief that remains undecided,] there is nothing left for the district court to do except enter judgment.'" *Ibid.* (quoting *Chathas v. Local 134 IBEW*, 233 F.3d 508, 512 (7th Cir. 2000)).

1. After two jury trials, this Court entered a final judgment that Defendants SAP America, Inc. and SAP AG ("SAP") infringed the '350 patent and awarded Versata damages and pre-judgment interest. Dkt. 576. This Court separately entered a permanent injunction to prevent SAP from engaging in future infringing activity. Dkt. 586 (amended permanent injunction), 573 (initial permanent injunction).[1]

2. In a unanimous opinion, the Federal Circuit "affirm[ed] the jury's infringement verdict and damages award," thus upholding in full the final judgment in Dkt. 576. *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1258, 1269 (Fed. Cir. 2013) (Dkt. 593-1). The circuit, however, "vacate[d] part of the trial court's permanent injunction," and "remand[ed] for the trial court to modify its order." *Id.* at 1269. SAP subsequently filed a petition for a writ of certiorari, but the Supreme Court today denied review. In light of the Supreme Court's order, SAP's direct appeal is concluded. The only remaining issue in the case is the task of modifying the injunction in accordance with the Federal Circuit's mandate.

3. As the party (formerly) seeking relief, Versata hereby irrevocably abandons its request for an injunction and disclaims its right to any other equitable relief still unresolved in this action. This formal waiver includes any and all relief awarded by this Court in its permanent injunction of September 9, 2011 (Dkt. 573) or its amended permanent injunction of September 26, 2011 (Dkt. 586). This disclaimer is permanent and irreversible, and it resolves any undecided

---

[1] The amended permanent injunction (in Dkt. 586) supplants the initial permanent injunction (in Dkt. 573). Versata nevertheless disclaims any right to relief found in either docket entry out of an abundance of caution.

issue now pending on this limited remand. *See, e.g.*, *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1057, 1059 (Fed. Cir. 1995) ("promise" found "in motion papers" leaves party "bound, both now and in the future, by its promise"; the promisor "is forever estopped by its counsel's statement of nonliability," and "[t]his estoppel, in turn, removes from the field any controversy sufficiently actual to confer jurisdiction").

    4. By abandoning its unresolved requests for equitable and injunctive relief, Versata has hereby mooted the last remnants of this lawsuit that remain pending on remand. *See, e.g.*, *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate."). "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Once a determination of "the legal issues tendered by the parties is no longer necessary to compel" the relief demanded, "[t]he controversy between the parties has thus clearly ceased to be 'definite and concrete' and no longer 'touch[es] the legal relations of parties having adverse legal interests.'" *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974). Because there is no remaining case or controversy on remand, the Court should vacate the permanent injunction (Dkt. 586 and 573) and dismiss the remaining requests for equitable relief. *Samsung Elec.*, 523 F.3d at 1376. Once a party has "thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law." *Chathas*, 233 F.3d at 512.

5. For these reasons, the Court no longer has jurisdiction to consider the sole task still pending on remand. It should accordingly vacate with prejudice the permanent injunction (Dkt. 586 and 573), dismiss with prejudice Versata's (abandoned) requests for equitable relief, and dismiss the matter for lack of an ongoing case or controversy, leaving in place the final judgment entered in Dkt. 576.

Dated: January 21, 2014.

**MCKOOL SMITH, P.C.**

/s/ *Sam Baxter*
Sam Baxter
**MCKOOL SMITH, P.C.**
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
McKool Smith, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9001
Telecopier: (903) 923-9099

Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Scott Cole
Texas State Bar No. 00790481
scole@mckoolsmith.com
Laurie Gallun Fitzgerald
Texas State Bar No. 24032339
lfitzgerald@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 W. 6th Street Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**COUNSEL FOR PLAINTIFFS VERSATA SOFTWARE, INC., VERSATA DEVELOPMENT GROUP, INC., AND VERSATA COMPUTER INDUSTRY SOLUTIONS, INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), no certificate of conference is necessary because this is a motion to dismiss all remaining claims for relief.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on January 21, 2014.

>*/s/ Sam Baxter*
>Sam Baxter