IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC. <br> VERSATA DEVELOPMENT GROUP, <br> INC., and VERSATA COMPUTER <br> INDUSTRY SOLUTIONS, INC. <br><br> v. <br><br> SAP AMERICA, INC., and SAP AG | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 2:07cv153-RSP |

## MEMORANDUM ORDER

Currently before the Court is Versata's Motion Under Fed. R. Civ. P. 58(d), (Dkt. No. 601), filed by Plaintiffs on February 6, 2014. The motion has now been fully briefed and, for the reasons set forth below, is GRANTED.

Both parties have, in the Court's view, unnecessarily complicated this motion. While the litigation has undoubtedly been complex, this motion should not be. The Court begins with the undeniable premise that a final judgment was entered in this case on September 9, 2011 (Dkt. No. 576, entitled "Final Judgment"). The Federal Circuit would not have exercised its appellate jurisdiction without it. As is made clear in its Opinion, the Federal Circuit (Rader, C.J.) affirmed the judgment in all respects save the permanent injunction, which it found overbroad. The concluding paragraph of the Opinion notes the affirmance of the "jury's infringement decision and concomitant damages awards," found no reversible error in "the remainder of SAP's arguments," and "vacates part of the trial court's permanent injunction and remands for futher proceedings consistent with this opinion." *Versata Software, Inc. v. SAP America, Inc.*, 717 F.3d 1255, 1269 (Fed. Cir. 2013).

The Federal Circuit opinion leaves no doubt that the only remaining issue on remand to this Court was the scope of the permanent injunction. Thus, when Plaintiffs filed their motion to dismiss all claims for injunctive relief with prejudice on January 21, 2014 (Dkt. No. 595), it was a simple matter to grant it and thereby moot the sole issue remanded to this Court. That left the Final Judgment previously entered on September 9, 2011 as the operative document, especially since all relief awarded therein had been affirmed on appeal, the vacated injunction having been entered in a separate document. (Dkt. Nos. 573 and 586). Defendants' argument that the dismissal of the claims for injunctive relief somehow revives their counterclaim is unpersuasive.

The previous Final Judgment appears to the Court to satisfy the requirements of Rule 58(a). However, Rule 58(d) allows any party to request "that the judgment be set out in a separate document" and Plaintiffs have chosen to make that request. Defendants have not made any persuasive argument of prejudice. The pendency of Defendants' motion for relief from the judgment or a stay (Dkt. No. 598) has no effect on the propriety of entering the prior judgment on a separate document. Nor does the Plaintiffs' motion to enforce the agreement entered by the parties concerning payment of the judgment (Dkt. No. 603) have any effect on the Rule 58 issues. Accordingly, the previous Final Judgment entered on September 9, 2011 will "be set out in a separate document" in accordance with Rule 58(d).

**SIGNED this 16th day of March, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE