**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.; AND VERSATA COMPUTER INDUSTRY SOLUTIONS, INC., F/K/A TRILOGY COMPUTER INDUSTRY SOLUTIONS, INC** | § § § § § § § § § § | **CIVIL ACTION NO. 2:07-cv-153-RSP** |
| **Plaintiffs,** | § § | |
| **v.** | § § § | |
| **SAP AMERICA, INC. AND SAP AG,** | § § | |
| **Defendants.** | § | |

**SAP'S RENEWED MOTION TO STAY OR, IN THE ALTERNATIVE,**
**TO VACATE THE JUDGMENT UNDER FED. R. CIV. P. 59(e) OR 60(b)**

SAP America, Inc., and SAP AG (collectively "SAP") hereby renew their motion for a stay or, in the alternative, to vacate the judgment under Fed. R. Civ. P. 59(e) or 60(b) (D.N. 598) and ask the Court to deem the arguments previously briefed in full in connection with that motion to be arguments seeking vacatur and amendment of the Final Judgment entered on March 17, 2014 (D.N. 612).   In addition to those arguments, SAP also preserves for appeal its arguments in opposition to Versata's motion for entry of that judgment (*see* D.N. 605, 610).

On January 21, 2014, the Court entered an order granting Versata's motion to dismiss its claims for equitable relief and designating the judgment entered on September 9, 2011, as the final judgment in this case.  (D.N. 596.)  Later that day, SAP filed a motion asking the Court to stay the litigation on remand before this Court or, in the alternative, to vacate the judgment under Rule 59(e) (to the extent the Court's order of January 21, 2014 was deemed a final judgment) or Rule 60(b) (to the extent the judgment of September 9, 2011 was deemed the relevant judgment). (D.N. 598.)  SAP further argued that the January 21 order did not qualify as a final judgment under Rule 58, and contended that no such judgment should enter until the Court had resolved SAP's motion for a stay.  *Id.*

On February 6, 2014, Versata moved for entry of judgment in a separate document, pursuant to Rule 58(d).  (D.N. 601.)  In opposition to Versata's motion, SAP again argued that the January 21 order did not qualify as a final judgment under Rule 58, and that no such judgment should enter until the Court had ruled on SAP's stay motion and SAP's declaratory judgment counterclaim, seeking a declaration of SAP's rights with respect to ongoing acts that Versata has asserted constitute infringement of the '350 patent.  (D.N. 605, 610.)  On March 17, 2014, the Court issued a Memorandum Order granting Versata's Rule 58(d) motion.  (D.N. 611.) The Memorandum Order referenced the continued pendency of SAP's "motion for relief from

the judgment or a stay (Dkt. No. 598)" and stated that the pendency of that motion had "no effect" on the propriety of entering final judgment under Rule 58. *Id.* at 2.  The Memorandum Order further stated that "the previous Final Judgment entered on September 9, 2011 will 'be set out in a separate document' in accordance with Rule 58(d)." *Id.*  That same day, the Court entered a separate document entitled "Final Judgment," which referenced the "Judgment previously entered herein (Dkt. No. 576)" and awarded Versata damages, pre-judgment interest, and costs, and denied all other relief, including SAP's counterclaims for declaratory judgment of its rights or responsibilities regarding ongoing acts of alleged infringement.  (D.N. 612.)  Neither the Memorandum Order nor Final Judgment referenced the Court's Order of January 21, 2014.

SAP hereby moves to vacate or amend the Final Judgment entered on March 17, 2014, for the reasons previously stated in SAP's motion for a stay or, in the alternative, to vacate the judgment under Fed. R. Civ. P. 59(e) or 60(b) (D.N. 598).  A motion to alter or amend a judgment must be filed within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e).  SAP's motion to stay or in the alternative vacate was filed on January 21, 2014, and invoked Rule 59(e) to the extent the January 21, 2014 order was deemed a judgment.  SAP files the present motion within 28 days of the Court's March 17 Final Judgment.  As the Court's March 17 Memorandum Order reflected, SAP's motion for a stay or to vacate (D.N. 598) has been fully briefed and remains pending before the Court.  (*See* D.N. 598, 602, 604, 607.)  SAP therefore does not re-brief those arguments, but instead incorporates herein the fully briefed motion by reference and notes that, for the same reasons stated more fully in those papers, the March 17, 2014 judgment should be vacated, and judgment entered in favor of SAP in light of the final written decision of the Patent Trial and Appeal Board declaring Versata's '350 patent to be cancelled as invalid *ab initio*.  *See* D.N. 598, at 12–19.  To the extent the Court deems the relevant judgment to be that

of September 9, 2011, SAP requests relief from that judgment on the same grounds, under Rule 60(b).  *See id*.  Also, for the reasons stated in the same papers, the Court need not reach the merits of this motion for relief under Rule 59(e) if the Court decides to stay the litigation pending resolution of Versata's appeal to the Federal Circuit from the PTAB's final written decision.  *See id*. at 6–11.

In the event the Court denies SAP's request for a stay or to vacate the judgment, SAP reserves the right to appeal from the March 17 Memorandum Order and Final Judgment on the grounds stated in SAP's opposition and sur-reply papers opposing Versata's motion for entry of final judgment.

Dated March 27, 2014

Respectfully submitted,

FISH & RICHARDSON P.C.

By:   */s/ Thomas M. Melsheimer*

Thomas M. Melsheimer
Texas Bar No. 13922550
melsheimer@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX  75201
Tel: (214) 747-5070
Fax: (214) 747-2091

John W. Thornburgh (CA SBN 154627)
thornburgh@fr.com
Justin M. Barnes (CA SBN 217517)
barnes@fr.com
**FISH & RICHARDSON P.C.**
12390 El Camino Real
San Diego, California 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

James R. Batchelder (EDTX Member)
james.batchelder@ropesgray.com
**ROPES & GRAY LLP**
1900 University Ave, 6th Floor
East Palo Alto, CA 94303
Tel: (650) 617-4000
Fax: (650) 617-4090

Christopher Bunt
rcbunt@pbatyler.com
**PARKER BUNT & AINSWORTH**
100 E. Ferguson, Suite 1114
Tyler, TX  75702
Tel:  (903) 531-3535
Fax:  (903) 533-9687

Counsel for Defendants
**SAP AMERICA, INC. AND SAP AG**

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in

compliance with Local Rule CV-5(a).  Therefore, this document was served on the 27th day of

March 2014, on all counsel who are deemed to have consented to electronic service. Local Rule

CV-5(a)(3)(A).

_/s/ Thomas M. Melsheimer_
Thomas Melsheimer

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that counsel has complied with the meet and confer requirement of Local Rule CV-7(h) and that the motion is opposed.  Counsel for SAP Chris Bunt conferred with counsel for Versata Sam Baxter; both parties discussed the issues presented here by teleconference on March 27, 2014. No agreement could be reached.  Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

<u>/s/ Thomas M. Melsheimer</u>
Thomas Melsheimer