IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC. <br> VERSATA DEVELOPMENT GROUP, <br> INC., and VERSATA COMPUTER <br> INDUSTRY SOLUTIONS, INC. <br><br> v. <br><br> SAP AMERICA, INC., and SAP AG | § § § § § § § § | Case No. 2:07cv153-RSP |

**MEMORANDUM ORDER**

Currently before the Court is the "Motion of SAP America, Inc. and SAP AG For Relief From Judgment Under Fed. R. Civ. P. 59(e) or 60(b) Or For A Stay" (Dkt. No. 598), filed on January 21, 2014 and renewed on March 27, 2014 (Dkt. No. 615).

*Request for a stay*:

Defendants seek a stay on three grounds, each of which will be addressed in turn: (1) based on the "Stipulated Order on Execution of Judgment," (2) based upon the pendency of the *Executive Benefits* case in the U.S. Supreme Court and (3) based on the proceedings before the Patent Trial and Appeal Board ("PTAB"). First, the Stipulated Order on Execution of Judgment (Dkt. No. 582) deals only with execution of the judgment and provides no basis whatsoever for a stay of these proceedings. Second, the Petition for Writ of Certiorari granted by the U.S. Supreme Court in *Executive Benefits Ins. Agency v. Arkison,* 133 S.Ct. 2880 (June 24, 2013) (See Petition at 2013WL1329527), deals only with the power of bankruptcy courts, and is not likely to directly reach the power of the district courts to assign trials to magistrate judges by consent, an issue not before the Court in that case.

1

The third ground urged for a stay is the pendency of a PTAB proceeding challenging the validity of the asserted claims of the patent in suit under a covered business method (CBM) patent review. Defendants assert that the PTAB has issued a non-final decision that the asserted claims are invalid. Of course, on the other hand, there is a final judgment in this case finding that the claims are valid. The CBM review process was created by the Leahy–Smith America Invents Act ("AIA"), Pub.L. No. 112–29, 125 Stat. 284, which directs district courts to consider the following factors in determining whether to stay their proceedings in favor of the PTAB:

> A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
>
> (B) whether discovery is complete and whether a trial date has been set;
>
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

The Court finds that all four of these factors counsel against a stay in this case. There are no remaining issues in this case to simplify. The trial has been held and the appeal is completed. A stay would clearly unduly prejudice the nonmoving party and provide a clear tactical advantage for the moving party. Moreover, a stay would not reduce the burden of litigation on the parties or the Court. Finally, the fact that the Federal Circuit has already denied Defendants' request for a stay pending completion of the PTAB proceedings weighs heavily against Defendants' request. Accordingly, the request for a stay is DENIED.

*Request to vacate the judgment under Rule 60(b)*:

Rule 60(b) allows a district court "on motion and just terms" to "relieve a party ... from a final judgment" for certain enumerated reasons. Defendants' motion is based in part upon section (b)(5) of Rule 60, which permits relief if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Defendants' argument that this judgment is being applied "prospectively" because it is continuing to accrue post-judgment interest is frivolous. That section is clearly aimed at judgments containing injunctive relief. It might be extended to future awards of damages or fees, but it would render it meaningless to apply it to any money judgment accruing interest.

Defendants also urge application of the catchall provision in Rule 60(b)(6): "any other reason that justifies relief." While this is a patent case, the Federal Circuit has held that a Rule 60(b) motion is purely procedural and not unique to patent law, therefore it is governed by the law of the regional circuit, in this case the Fifth Circuit. *Marquip, Inc. v. Fosber America, Inc.,* 298 F.3d 1363, 1369 (Fed. Cir. 1999). The Fifth Circuit has held that this "other reason" clause is reserved for "extraordinary cases." *Gray v. Estelle*, 574 F.2d 209, 215 (5th Cir.1978) (*citing Ackerman v. United States*, 340 U.S. 193, 200, 71 S.Ct. 209, 212, 95 L.Ed. 207, 212 (1950); and 11 Wright & Miller, Federal Practice and Procedure § 2864).

While there is no concrete definition of "extraordinary circumstances" in the context of Rule 60, the fact that the Defendants have obtained a contrary determination regarding the validity of the asserted patent in another forum does not appear to present such circumstances. Defendants have taken advantage of a full and fair opportunity to litigate the validity of the

patent before this Court, before the jury, and before the Federal Circuit, even pursuing a writ to the United States Supreme Court.  To hold that later proceedings before the PTAB can render nugatory that entire process, and the time and effort of all of the judges and jurors who have evaluated the evidence and arguments would do a great disservice to the Seventh Amendment and the entire procedure put in place under Article III of the Constitution.  The proceedings before the PTAB are not even final at this time, but this Court does not believe that later finality will change this calculus.  Indeed, it is the finality of the judgments issued by the Federal Courts that is at stake here.  Unlike the situation before the Court in *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330 (Fed. Cir. 2013), the judgment in this case is final and there are no further issues to be resolved.  That fact also clearly distinguishes this case from that before the Fifth Circuit in *Bros. Inc. v. W. E. Grace Mfg. Co.*, 320 F.2d 594 (5th Cir. 1963).

Defendants rely heavily on the amount of the judgment in arguing for a stay.  However, the jury's damage award has been closely reviewed by both this Court and the Federal Circuit and found to be proper.  There is also no showing that the amount of the judgment would cause undue harm to the Defendants.  Indeed, the affidavit of the Chief Financial Officer of Defendant SAP AG represents that it "has the financial wherewithal to satisfy the Judgment due to Plaintiffs" and will do so by wire transfer within 15 days of finality.  (Dkt. No. 583-1 at 3).

Accordingly, the motion to vacate the Judgment is also DENIED.

**SIGNED this 20th day of April, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE