# McKOOL SMITH

Sam Baxter
Direct Dial: (903) 923-9001

104 East Houston Street
Suite 300
Marshall, TX 75670

Telephone: (903) 923-9000
Facsimile: (903) 923-9099

July 28, 2014

**VIA HAND DELIVERY**

The Honorable Roy S. Payne
United States Magistrate Judge
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, Texas 75670

    RE:    *Versata Software, Inc. et. al. v. SAP America, Inc. and SAP, AG*, No. 2:07-CV-153-RSP (E.D. Tex.)

Your Honor:

I am writing to respond to SAP's letter to the Court dated July 24, 2014.

First, while SAP notes that it will be filing another petition for a writ of certiorari, it neglects to mention the current posture of this case. Since this court rejected SAP's attempts to stay this case or obtain relief from the judgment on April 21 (Dkt. 617), SAP appealed to the Federal Circuit. On June 18, the Federal Circuit summarily affirmed this court's rulings. Dkt. 622. SAP then sought a stay of the mandate with the Federal Circuit, which was denied. SAP next sought a stay of the mandate from Chief Justice Roberts, and that motion was denied as well. The mandate issued on July 25. Ex. A (Dkt. 625).

Second, SAP indicates that it will file its certiorari petition "early" but does not say when it will do so. "Early" could mean any time up to and including September 17—one day ahead of the deadline. As such, this claim should be given no meaningful weight. In any event, SAP's certiorari petition will merely offer the same arguments for delay that have now been rejected *six* times: once by this Court, three times by the Federal Circuit, and twice by Justices of the Supreme Court.

Third, and most importantly, in an attempt to avoid a ruling on the pending motion to enforce (Dkt. 603) SAP misrepresents Versata's arguments in the Supreme Court. SAP tells this court that "Versata argued that SAP faces no credible threat of irreparable harm because execution on the judgment is premature until the Supreme Court rules on SAP's petition for writ of certiorari." SAP's claim is false—Versata said no such thing.

McKool Smith
A Professional Corporation • Attorneys
Austin | Dallas | Houston | Los Angeles | Marshall | New York | Silicon Valley | Washington, DC

July 28, 2014
Page 2

In reality, Versata argued that SAP could not show a threat of irreparable harm because the question of execution and collection was bound up in the pending motion to enforce. Versata noted that, if SAP's position carries the day, then execution would not be allowed until certiorari is denied, thus obviating any need for a stay. Ex. B at 4, 32-35. And alternatively, if Versata's position prevails, then SAP would face no cognizable harm in being held to its contractual promises. *Id.* Versata made clear to the Chief Justice its view that "SAP's obligation to pay under the Stipulation was triggered once the Final Judgment imposing liability and awarding damages (D.Ct. Dkt. 576) was completely affirmed and this Court denied SAP's (first) certiorari petition." Ex. B at 33. *Nowhere* did Versata argue that "execution on the judgment is premature until the Supreme Court rules on SAP's petition for writ of certiorari." SAP's representation to the court about Versata's position is thus demonstrably untrue and deeply troubling.

As Versata previously argued in the motion to enforce, payment under the stipulated order on execution became due when the Final Judgment, Dkt. 576, was affirmed *in toto* and certiorari was denied. That, of course, remains true today. And now that the (second) mandate has issued, this court has clear authority to rule on the pending motion to enforce and order payment by SAP.

Very truly yours,

Sam Baxter

cc:   All Counsel of Record via ECF


McKool 1007594v1